Justice Rehnquist,
 

 Circuit Justice.
 

 Applicant Bureau of Economic Analysis, a division of the United States Department of Commerce, seeks to stay an order of the United States District Court for the Western District of Washington ordering applicant, pursuant to the Freedom of Information Act, 5 U. S. C. § 552, to turn over to respondents certain information regarding tax audit standards. The procedural history of this case is somewhat confusing. In 1975 respondents commenced an action against the Internal Revenue Service to obtain certain data. Respondents prevailed in that suit and the IRS appealed to the Court of Appeals for the Ninth Circuit. While that action was pending, respondents commenced this action in the District Court against applicant to obtain similar data in its possession and, on February 20, 1979, moved for summary judgment. In May 1979, the Ninth Circuit ruled against the IRS,
 
 Long
 
 v.
 
 Internal Revenue Service,
 
 596 F. 2d 362 (1979), cert. denied, 446 U. S. 917 (1980), but remanded the case so that the IRS could raise certain additional defenses.
 
 *1054
 
 On October 17, 1980, the IRS on remand did indeed amend its answer to raise the additional defenses. Significantly, however, the applicant did not amend its answer in
 
 this
 
 case. On January 12, 1981, the District Court entered summary judgment against applicant on the ground of its “unreasonable delay” in amending its answer to respondents’ complaint and ordered that the sought-after information be disclosed. The Court of Appeals for the Ninth Circuit has declined to stay the District Court’s order.
 

 In its application for a stay, the applicant asserts that it is likely to prevail on the merits and that it will suffer irreparable harm if the tax information is disclosed. Although I express no views as to the probability of this Court granting a petition for certiorari should applicant lose its appeal to the Court of Appeals for the Ninth Circuit, I think if Congress makes the Government answerable as a defendant in the courts of the United States, the Government is obligated to abide by the rules prescribed for it as a litigant. It is my view that the applicant, by failing to amend its answer in this case for more than a year and a half after the Ninth Circuit’s decision in
 
 Long
 
 v.
 
 Internal Revenue Service,
 
 rendered itself liable for summary judgment. The applicant argues that any delay was not unreasonable, since it wrote a letter to the District Court on October 16, 1979, saying that it would be inappropriate to render summary judgment in this case until a final resolution of
 
 Long
 
 v.
 
 Internal Revenue Service.
 
 But the United States Attorney’s two-paragraph letter falls well short of an amendment of its answer in this case. Accordingly, I am unwilling to exercise my authority as Circuit Justice at this stage of the litigation and stay the order of the United States District Court for the Western District of Washington.
 

 Accordingly, the temporary stay heretofore granted by me on February 23, 1981, is vacated, and the application for stay is denied.