PER CURIAM:
 

 In this appeal, we must examine the three considerations that govern the award of fees and costs to a plaintiff in an action under the Freedom of Information Act (“FOIA”), 5 U.S.C. § 552: the plaintiff’s eligibility for such an award, his entitlement to such an award, and the reasonableness of the amount he requests. Because we conclude that the district court failed to distinguish the standards applicable to these separate considerations and misapplied the law, we must reverse its fee and cost determination and remand for clarification and recalculation.
 

 I
 

 In 1975, Susan and Philip Long (“Longs”) filed an action against the Internal Revenue Service (“IRS”) under the FOIA, seeking disclosure of source documents pertaining to the IRS’s Taxpayer Compliance Measurement Program (“TCMP”). The district court, concluding that computer tapes are not “records” within the meaning of the Act and that the sought-after tapes were exempt from disclosure in any event, granted summary judgment for the IRS, but on appeal this court reversed and remanded for further proceedings.
 
 Long v. United States Internal Revenue Serv.,
 
 596 F.2d 362 (9th Cir.1979) [hereinafter
 
 Long
 
 I],
 
 cert. denied,
 
 446 U.S. 917, 100 S.Ct. 1851, 64 L.Ed.2d 271 (1980).
 

 Three years after filing their initial suit and while the remand was still pending, the Longs filed a similar action against the Bureau of Economic Analysis (“BEA”), seeking disclosure of TCMP tapes which the IRS had provided the BEA. The case was assigned to the same district judge who was then presiding over the remand in
 
 Long I,
 
 and upon determining that this court’s decision in
 
 Long I
 
 governed the outcome in the new case and that the BEA had “unreasonably] delay[ed]” the proceedings, the district court granted summary judgment for the Longs and ordered the BEA to disclose the TCMP data. On appeal, this court affirmed and further provided that “plaintiffs are entitled to an award of attorney fees and costs in the proceedings below and on appeal.”
 
 Long v. Bureau of Economic Analysis,
 
 646 F.2d 1310, 1323 (9th Cir.1981) [hereinafter
 
 Long
 
 
 *1308
 

 II-A
 
 ]. This court then remanded to the district court for calculation of an appropriate award.
 

 Before the district court acted on the remand, however, the Supreme Court, which had already stayed the district court’s order pending disposition of the BEA’s appeal,
 
 [1]
 
 granted the BEA’s request for a further stay pending filing and disposition of the BEA’s petition for certiorari.
 
 Bureau of Economic Analysis v. Long,
 
 452 U.S. 902, 101 S.Ct. 3025, 69 L.Ed.2d 402 (1981). Shortly thereafter, the Supreme Court granted certiorari, vacated this court’s decision, and remanded for further consideration in light of the Economic Recovery Tax Act of 1981, which had amended relevant portions of the Tax Code.
 
 Bureau of Economic Analysis v. Long,
 
 454 U.S. 934, 102 S.Ct. 468, 70 L.Ed.2d 242 (1981). In compliance with the Supreme Court’s decision, this court remanded to the district court, but we expressly reinstated our prior award of fees and costs to the Longs: “Our order of May 4, 1981 is reinstated insofar as the [Longs] are entitled to an award of attorney’s fees and costs for trial and appellate proceedings up to that date in an amount to be determined by the district court on remand.”
 
 Long v. Bureau of Economic Analysis,
 
 671 F.2d 1229 (9th Cir.1982) [hereinafter
 
 Long
 
 77-5].
 

 On December 20, 1982, the district court finally consolidated (but did not merge)
 
 Long I
 
 and
 
 Long II-A.
 
 The court then scheduled five issues for trial:
 

 1. Whether the Court should enter a permanent injunction requiring, among other things, that the IRS produce “similar” documents in the future.
 

 2. Whether the Court should make a finding that IRS employees have acted in an arbitrary and capricious manner.
 

 3. Sufficiency of IRS production, including adequacy of the IRS search for responsive materials; ZIP Code deletion; and problems with computer tapes and documentation.
 

 4. Whether the IRS should waive fees for copying of certain documents and tapes (this issue now involves approximately $1,000).
 
 [2]
 

 5. Attorneys’ fees.
 

 Long v. United States Internal Revenue Serv.,
 
 566 F.Supp. 799, 801 (W.D.Wash.1983).
 

 After a six-day bench trial, the district court entered judgment for the IRS on the first three issues (thereby denying the Longs’ request for further disclosure) and for the Longs on the fourth issue.
 
 Id.
 
 at 801-04. On the matter of fees, the court held: “Considering the documents which were voluntarily produced after commencement of the litigation, and ordered produced, plaintiffs have prevailed on sufficient issues to justify an award of attorneys’ fees.”
 
 Id.
 
 at 804. The court then explained that it would address the fee question further after “post-trial submittals” by both parties.
 
 Id.
 
 On January 26,1984, the court finally awarded the Longs $15,000 in attorney’s fees and $4,291 in related costs.
 
 Long v. United States Internal Revenue Serv.,
 
 Nos. 75-228 & 78-176 (W.D.Wash. Jan. 26, 1984).
 

 The Longs appealed, and once again, this court reversed and remanded.
 
 Long v. United States Internal Revenue Serv.,
 
 742 F.2d 1173 (9th Cir. Sept. 14, 1984) [hereinafter
 
 Long
 
 777]. We held that the district court applied an inappropriately deferential standard of review to the Service’s determination that it did not have to disclose further TCMP information.
 
 Id.
 
 at 1184. On remand, the district court applied the de novo standard that we articulated and, in
 
 *1309
 
 an oral ruling, essentially reaffirmed its prior conclusions. Thereafter, on June 13, 1986, the district court reinstated its prior award of $15,000 in fees and $4,291 in costs.
 
 Long v. United States Internal Revenue Serv.,
 
 Nos. 75-228 & 78-176 (W.D.Wash. June 13, 1986). The Longs’ motion to reconsider was denied one month later on July 10, and on September 6, 1986, the Longs filed this timely appeal. Further proceedings were repeatedly stayed pending disposition of related litigation involving the same parties, but on January 23, 1990, after the conclusion of those proceedings, we finally reactivated this appeal.
 
 [3]
 

 For the reasons set forth below, we now reverse and remand to the district court for clarification and recalculation of the Longs’ award.
 

 II
 

 Absent proof that an opponent acted in bad faith, a prevailing party ordinarily is not entitled to recover its attorney’s fees and related costs unless they are expressly provided for by statute or contract.
 
 F.D. Rich Co. v. United States ex rel. Industrial Lumber Co.,
 
 417 U.S. 116, 126, 94 S.Ct. 2157, 2163, 40 L.Ed.2d 703 (1974). Although the FOIA provides for an award of fees “reasonably incurred in any case ... in which the complainant has substantially prevailed,” 5 U.S.C. § 552(a)(4)(E), it does not mandate recovery of fees in such instances. In order to receive an award of fees, a prevailing party in a FOIA action must demonstrate both
 
 eligibility
 
 for and
 
 entitlement
 
 to such a recovery.
 
 Church of Scientology v. United States Postal Serv.,
 
 700 F.2d 486, 492 (9th Cir.1983).
 

 A complainant in a FOIA action is deemed to be eligible for fees if he has “substantially prevailed” on his claim.
 
 Id.
 
 at 489. This means that the plaintiff must present “convincing evidence” that two threshold conditions have been met: he must prove that (1) his filing of the FOIA action was necessary to obtain the information sought and (2) the action had a
 
 “substantial causative
 
 effect” on the ultimate receipt of that information.
 
 Id.
 
 (emphasis in original).
 

 If the plaintiff demonstrates that he is eligible for fees
 
 (i.e.,
 
 proves that he has “substantially prevailed”), “the district court may, in the exercise of its discretion, determine that the [complainant] is
 
 entitled
 
 to an award of attorney’s fees.”
 
 Id.
 
 at 492 (emphasis in original). In exercising its discretion on the question of entitlement to fees, the district court must consider four criteria: (1) the public benefit from disclosure, (2) any commercial benefit to the plaintiff resulting from disclosure, (3) the nature of the plaintiff's interest in the disclosed records, and (4) whether the government’s withholding of the records had a reasonable basis in law.
 
 United Ass’n of Journeymen & Apprentices, Plumbing & Pipefitting Indus., Local 598 v. Department of the Army,
 
 841 F.2d 1459, 1461 (9th Cir.1988);
 
 Church of Scientology,
 
 700 F.2d at 492. These four criteria are not exhaustive, however, and the court may take into consideration “ ‘whatever factors it deems relevant in determining whether an award of attorney’s fees is appropriate.’ ”
 
 Id.
 
 (quoting
 
 Exner v. FBI,
 
 443 F.Supp. 1349, 1352 (S.D.Cal.1978),
 
 aff'd,
 
 612 F.2d 1202 (9th Cir.1980)).
 

 The plaintiff who has proven both eligibility for and entitlement to fees must submit his fee bill to the court for its
 
 *1310
 
 scrutiny of the reasonableness of (a) the number of hours expended and (b) the hourly fee claimed. If these two figures are reasonable, then there is a “ ‘strong presumption' ” that their product, the lodestar figure, represents a reasonable award.
 
 Jordan v. Multnomah County,
 
 815 F.2d 1258, 1262 (9th Cir.1987) (reviewing award of attorney’s fees under section 1988) (quoting
 
 Pennsylvania v. Delaware Valley Citizens’ Council for Clean Air,
 
 478 U.S. 546, 565, 106 S.Ct. 3088, 3098, 92 L.Ed.2d 439 (1986));
 
 see also Rosenfeld v. United States,
 
 859 F.2d 717, 724 (9th Cir.1988) (holding that FOIA and section 1988 are “comparable” where awards of attorney’s fees are concerned). The court may authorize an upward or downward adjustment from the lodestar figure if certain factors relating to the nature and difficulty of the case overcome this strong presumption and indicate that such an adjustment is necessary.
 
 See Hensley v. Eckerhart,
 
 461 U.S. 424, 433-34, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983);
 
 Kerr v. Screen Extras Guild, Inc.,
 
 526 F.2d 67, 69-70 (9th Cir.1975) (identifying twelve factors as relevant to the determination of a reasonable fee award),
 
 cert. denied sub nom. Perkins v. Screen Extras Guild, Inc.,
 
 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976);
 
 see also Miller v. Los Angeles County Bd. of Educ.,
 
 827 F.2d 617, 619-21 (9th Cir.1987).
 
 [4]
 
 It is important to emphasize, however, that once the court has determined that the plaintiff is both eligible for and entitled to recover fees, the award must be given and the only room for discretion concerns the reasonableness of the amount requested.
 

 Finally, in order for us to review a district court’s determination of a fee award, “the district court should provide a ‘detailed account of how it arrives at appropriate figures for the “number of hours reasonably expended” and a “reasonable hourly rate.” ’ ”
 
 Chalmers v. City of Los Angeles,
 
 796 F.2d 1205, 1211 (9th Cir.1986) (quoting
 
 Hall v. Bolger,
 
 768 F.2d 1148, 1151 (9th Cir.1985) (quoting
 
 Blum,
 
 465 U.S. at 898, 104 S.Ct. at 1548)),
 
 amended,
 
 808 F.2d 1373 (9th Cir.1987). Such a “detailed account” should “articulate with sufficient clarity the manner in which [the court made] its determination of ... the number of hours which should reasonably be compensated.”
 
 Id.
 

 Ill
 

 The district court committed three identifiable errors in calculating the fee award in
 
 *1311
 
 the present ease. First, it confused the factors that are relevant to a determination of the Longs’
 
 entitlement
 
 to such an award with the factors that are relevant to a determination of the
 
 reasonableness
 
 of the amount requested. Second, it improperly considered a factor that weighs in favor of entitlement as if it were a factor that weighs against entitlement. Finally, the court did not articulate its findings with sufficient clarity to enable proper review. We address these three problems sequentially.
 

 A
 

 In our ruling of May 4, 1981, we determined that the Longs “are
 
 entitled
 
 to an award of attorney fees and costs in the proceedings below and on appeal.”
 
 Long II-A,
 
 646 F.2d at 1323 (emphasis added). On March 12, 1982, we expressly reinstated that determination.
 
 Long II-B,
 
 671 F.2d at 1229. Accordingly, as far as the proceedings through May 4, 1981 were concerned, all that remained for the district court to determine was the
 
 reasonableness
 
 of the Longs’ request. We had already twice determined that the Longs were'both eligible for and entitled to a fee award for litigation preceding that date,
 
 [5]
 
 and those determinations are the law of the case.
 
 See Handi Inv. Co. v. Mobil Oil Corp.,
 
 653 F.2d 391, 392 (9th Cir.1981). Moreover, the district court itself had previously determined that the Longs “ha[d] prevailed on sufficient issues to justify an award of attorneys’ fees” for the proceedings commencing with our remand on March 12, 1982 and concluding with the district court’s judgment on June 30, 1983.
 
 Long,
 
 566 F.Supp. at 804. That determination also constitutes the law of the case.
 
 [6]
 

 In short, because prior decisions had already concluded that the Longs were both eligible for and entitled to recover some of their fees, the only question before the district court with respect to those fees was “how much.” In making its determination, the district court did not simply multiply the number of hours claimed by a reasonable fee (as it should have), but rather proceeded to make a series of findings relative to the four entitlement factors.
 

 First it found that the benefit to the public resulting from the lengthy litigation was marginal at best, noting that “most of the benefit from these cases was to plaintiffs and a small group of scholars having a highly specialized interest in statistical analysis of I.R.S. records.”
 
 Long v. United States Internal Revenue Serv.,
 
 Nos. 75-228 & 78-176 at 8 (W.D.Wash. Jan. 26, 1984),
 
 adopted by Long v. United States Internal Revenue Serv.,
 
 Nos. 75-228 & 78-176 at 3 (W.D.Wash. June 30, 1986). The court also found that there was an obvious commercial benefit to Susan Long in obtaining public disclosure of the records sought, because her academic career was based on “the pursuit and analysis of I.R.S. data, financed by [federal government] grants.”
 
 Id.
 
 The district court further held that the Longs’ interest in the records sought was largely personal and intimately tied up with their commercial interests. Finally, the district court concluded that the government had a reasonable basis in law for withholding some of the TCMP source data, a ruling that was ultimately upheld.
 
 Id.
 

 None of these considerations, however, is relevant to the task of calculating an appropriate fee award for the proceedings that transpired before May 4, 1981 and between March 12, 1982 and June 30, 1983. It is already clear that the Longs
 
 are
 
 entitled to fees for these proceedings. The district court therefore erred to the extent that it reconsidered the entitlement factors. Indeed, the IRS itself concedes that this was error: “[I]t is now our view that the four ‘entitlement’ factors are irrelevant insofar as the
 
 amount
 
 of the award is con
 
 *1312
 
 cerned.” Brief for Appellee at 35 (emphasis in original). We therefore remand to the district court for findings limited to the issue of the reasonableness of the Longs’ fee request for the above-defined proceedings.
 

 B
 

 The district court also erred in its consideration of Susan Long’s specialized scholarly interest in the TCMP data as a factor that weighs
 
 against
 
 the award of attorney fees. A genuine scholarly interest — no matter how specialized — clearly weighs in favor of a successful plaintiff’s recovery of fees in a FOIA action: “ ‘Under the third [entitlement] criterion a court [sh]ould generally award fees if the complainant’s interest in the information sought was scholarly or journalistic or public-oriented, but would not do so if his interest was of a frivolous or purely commercial nature.’ ” S.Rep. No. 854, 93d Cong., 2d Sess. 19 (1974) U.S.Code Cong. & Admin. News 1974, p. 6267 (comments of Senator E. Kennedy),
 
 quoted in Church of Scientology,
 
 700 F.2d at 493 n. 6. To decide— without the benefit of an evidentiary hearing — that Susan Long’s scholarly interest weighed against her recovery of fees was both wrong as a matter of law and an abuse of discretion.
 

 C
 

 Finally, the district court did not articulate with sufficient clarity the reasons that led it to conclude why $15,000 in fees and $4,291 in costs constituted an adequate and reasonable award. The Longs requested compensation for 2,915.57 hours at a rate of ninety dollars per hour, which produces a lodestar figure of $262,401.30.
 
 See Long v. United States Internal Revenue Serv.,
 
 Nos. 75-228
 
 &
 
 78-176 at 3 (W.D.Wash. Jan. 26, 1984). Because the district court explicitly found that the Longs’ hourly rate of ninety dollars was reasonable, the entire downward adjustment must be attributable to a reduction in compensable time. Specifically, the district court must have found that the Longs deserved compensation for only six percent (or 166.67) of the hours for which they sought fees (166.67 x 90 = $15,000). Because the court’s reasoning and arithmetic do not comport with this analysis, we must remand for more explicit findings.
 
 See Chalmers,
 
 796 F.2d at 1211.
 

 The district court did find that the total hours claimed were “grossly excessive in light of the questions presented and the skill necessary to perform the services,” and it also found that the Longs’ counsel filed numerous motions, “many of which were denied,” that were both unnecessary and repetitive.
 
 Long v. United States Internal Revenue Serv.,
 
 Nos. 75-228 & 78-176 at 4-5 (W.D.Wash. Jan. 26, 1984). Nonetheless, the record does not support the inference that these lawyerly excesses accounted for approximately 94% of the total time billed. In fact, the district court itself apparently acknowledged that 1,216.-60 hours were reasonably included in the lodestar.
 
 See id.
 
 at 3. Employing that multiplicand would still produce a lodestar figure of $109,494.00, which is more than seven times larger than the award authorized by the court.
 

 Moreover, the Longs contend that they never submitted a claim for hours spent on unsuccessful proceedings or for hours spent on proceedings engaged in after June 30, 1983. If these hours were not included in the original lodestar amount, then their subsequent subtraction from the lodestar constituted a double deduction. Indeed, the district court’s additional downward adjustment for the Longs’ failure to prevail on some of these claims appears to constitute a triple deduction.
 
 See Hensley,
 
 461 U.S. at 436, 103 S.Ct. at 1941 (discussing adjustments for “degree of success obtained”).
 

 In short, we are unable to ascertain just how the district court arrived at a figure representing roughly ten percent of the minimum to which the Longs claim they are entitled. While we sympathize with the district court in its frustration with these complicatedly interrelated and seemingly interminable proceedings, we find that “it is simply not possible for this court to review such an award in a meaningful
 
 *1313
 
 manner.”
 
 Chalmers,
 
 796 F.2d at 1213. Accordingly, we must reverse and remand for clarification and recalculation of the district court’s award. On remand, the court shall consider the propriety of enhancing the fee award to compensate for the risk of nonpayment that necessarily attends contingency financed litigation.
 
 See Pennsylvania v. Delaware Valley Citizens’ Council for Clean Air,
 
 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987).
 

 REVERSED and REMANDED.
 

 [1]
 

 .
 
 See Bureau of Economic Analysis v. Long,
 
 450 U.S. 1301, 101 S.Ct. 1073, 67 L.Ed.2d 322 (1981) (opinion in chambers of Rehnquist, Circuit Justice) (denying stay pending disposition of appeal);
 
 Bureau of Economic Analysis v. Long,
 
 450 U.S. 975, 101 S.Ct. 1506, 67 L.Ed.2d 810 (1981) (order granting stay pending disposition of appeal).
 

 [2]
 

 . The IRS originally billed the Longs $47,070 for the copying costs and related charges that it alleged were incurred in providing the Longs twenty-three computer tapes. The Service also said that it would have to charge between $9,600 and $18,850 to provide other tapes that the Longs had requested. Shortly before trial, however, the Service agreed to waive the $47,070 charge and to reduce the second charge to only $1,019.18.
 

 [3]
 

 . In the related litigation, the Longs challenged the district court's determination that the IRS had sufficiently disclosed certain TCMP data. The Longs initially prevailed on that claim, but after the Supreme Court vacated and remanded for further consideration, this court reversed itself and reinstated the district court’s judgment with respect to that issue.
 
 Long v. United States Internal Revenue Serv.,
 
 825 F.2d 225 (9th Cir.1987) [hereinafter
 
 Long IV-A
 
 ],
 
 vacated and remanded,
 
 487 U.S. 1201, 108 S.Ct. 2839, 101 L.Ed.2d 878 (1988) (remanding for further consideration in light of
 
 Church of Scientology v. Internal Revenue Service,
 
 484 U.S. 9, 108 S.Ct. 271, 98 L.Ed.2d 228 (1987)),
 
 on remand,
 
 891 F.2d 222 (9th Cir.1989) [hereinafter
 
 Long IV-B
 
 ] (affirming district court and denying Longs’ request for attorney fees).
 

 The Longs do not seek fees or costs for any of these related proceedings in this action. Nor do they seek fees or costs for
 
 Long III
 
 or the subsequent remand.
 

 [4]
 

 . The twelve factors identified by the
 
 Kerr
 
 court are:
 

 (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability” of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.
 

 Kerr,
 
 526 F.2d at 70. These factors were originally identified by the Fifth Circuit in
 
 Johnson v. Georgia Highway Express, Inc.,
 
 488 F.2d 714, 717-19 (5th Cir.1974).
 
 See Kerr,
 
 526 F.2d at 69-70 (citing Johnson);
 
 see also Hensley,
 
 461 U.S. at 429-30 & nn. 3-4, 103 S.Ct. at 1937-38 & nn. 3-4 (combining the
 
 Johnson
 
 factors with the "lodestar” method and adopting the resulting “hybrid" approach);
 
 Delaware Valley Citizens' Council,
 
 478 U.S. at 562-64 & n. 7, 106 S.Ct. at 3096-97 & n. 7 (same).
 

 As the
 
 Kerr
 
 court went on to explain:
 

 These guidelines are consistent with those recommended by the Code of Professional Responsibility of the American Bar Association, Disciplinary Rule 2-106.
 

 We adopt these guidelines as appropriate factors to be considered in the balancing process required in a determination of reasonable attorney’s fees. The failure to consider such factors constitutes an abuse of discretion.
 

 Kerr,
 
 526 F.2d at 70. As we recognized in
 
 Jordan,
 
 however, many of the
 
 Johnson
 
 factors “cannot serve as independent bases for adjusting fee awards” because they presumably are already considered in the initial calculation of the lodestar amount.
 
 Jordan,
 
 815 F.2d at 1262 n. 6 (specifically referring to the second, third, eighth, and ninth factors) (citing
 
 Blum v. Stenson,
 
 465 U.S. 886, 898-900, 104 S.Ct. 1541, 1548-50, 79 L.Ed.2d 891 (1984), and
 
 Delaware Valley Citizens’ Council,
 
 478 U.S. at 564-67, 106 S.Ct. at 3097-99);
 
 see also Delaware Valley Citizens' Council,
 
 478 U.S. at 565, 106 S.Ct. at 3098 (citing
 
 Blum,
 
 465 U.S. at 898-900, 104 S.Ct. at 1549-50).
 

 [5]
 

 . An explicit finding of entitlement implies an implicit finding of eligibility.
 

 [6]
 

 . There has been no explicit finding as to whether the Longs are eligible for or entitled to recover fees for the proceedings between May 4, 1981 and March 12, 1982. We express no opinion on that issue. The district court has determined, however, that the Longs are not entitled to additional fees for any proceedings subsequent to June 30, 1983, and the Longs have not challenged that determination.
 
 See supra
 
 note 3.