**Clinton E. CHOURRE, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

**No. C01–5171RJB.**

United States District Court,
W.D. Washington.

Feb. 1, 2002.

**1198**

Clinton E Chourre, University Place, WA, Pro se.

Diane E. Tebelius, U S Attorney's Office, Seattle, WA, Charles Hayden Keen, U.S. Department of Justice, Tax Division, Washington, DC, for Internal Revenue Service, defendant.

## ORDER GRANTING INTERNAL REVENUE SERVICE'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING CASE WITH PREJUDICE

BRYAN, District Judge.

This matter comes before the court on Internal Revenue Service's Motion for Summary Judgment. Dkt. 12. The court has considered the pleadings filed in support of the motion and the file herein.

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir.1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, 106 S.Ct. 2505, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888–89, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990).

Pursuant to Local Rule CR 7(b)(2), if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.

## B. PROCEDURAL BACKGROUND AND FACTS

By letter dated November 8, 2000, plaintiff submitted a request under FOIA to the Seattle Disclosure Office of the Internal Revenue Service (IRS). The request included the following documents:

1. All administrative files for the tax periods 1996, 1997, 1998 and 1999 for Clinton E. Chourre.

2. All investigation files for Clinton E. Chourre for the calendar years 1996, 1997, 1998 and 1999 located in the Examination and Collection Divisions.

3. Individual Master File Complete for the tax periods 1996 through and including 1999.

4. Individual Master File Specific for the tax periods 1996 through and including 1999.

5. Individual Master File Literal for the tax periods 1996 through and including 1999.

6. All Investigative History sheets pertaining to Clinton E. Chourre for the tax periods 1996 through and including 1999. These should be located with the Examination and Collection Divisions.

7. All certified mail logs pertaining to any notices sent by certified mail to Clinton E. Chourre for the tax periods 1996 through and including 1999.

8. A copy of all notices sent to Clinton E. Chourre for the tax periods 1996, 1997, 1998 and 1999, pursuant to the provisions of 16 U.S.C. Sections 6303, 6212, and 6331(d). These notices are commonly referred to as the statutory notice of deficiency, notice of assessment and demand for payment, and final pre-levy notice.

9. A copy of all certified mail return receipts pertaining to any notices sent to Clinton E. Chourre for the tax periods 1996 through and including 1999.

10. All copies of any Revenue Agent's or Revenue Officer's diary, computerized records, or other hand written notes concerning Clinton E. Chourre pertaining to the tax periods 1996, 1997, 1998, 1999 and 2000.

11. Any internal documents or memoranda concerning Clinton E. Chourre for the tax periods 1996, 1997, 2998, 1999 and 2000[.]

12. All documents whatsoever in the custody, control, or possession of any Revenue Agent or Revenue Officer pertaining to Clinton E. Chourre.

13. All documents concerning the imposition of notices of federal tax lien against Clinton E. Chourre.

Dkt. 15, Declaration of Ken Wilder, Exh. B, at 1–2.

On December 15, 2000, January 12, 2001, February 2, 2001, and March 7, 2001, the Disclosure Officer notified plaintiff that the IRS needed more time to process the request, and requested additional time to process the records request. Dkt. 14, Exh. B, C, D and E.

On April 5, 2001, plaintiff filed this Complaint for Declaratory and Injunctive Relief under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a. Dkt. 1. Plaintiff requests that the court (1) order that the IRS immediately release all records he had requested on November 8, 2000; (2) declare that the IRS's refusal to release the records is unlawful; (3) issue a written

finding that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously pursuant to 5 U.S.C. § 552(a)(4)(F); (4) award plaintiff reasonable attorney fees and costs; and (5) grant other relief as just and proper. Dkt. 1, at 4–5.

On April 11, 2001, the Seattle Disclosure Office responded to the FOIA request as follows: Plaintiff was informed that there were no records responsive to requests 1, 2, and 6 through 12; he was provided 25 pages of documents, responsive to requests 3 through 5, 8, and 13; and he was informed that records pertaining to the year 1996 were not under the jurisdiction of the Seattle Office, but that the request was being forwarded to the Ogden Campus Disclosure Office, Dkt. 14, Exh. F. and G.

The Ogden disclosure specialist attempted to locate any files related to plaintiff's 1996 tax return. Apparently, there was a file for the 1996 year, but it had been checked out by the Office of the Taxpayer Advocate on September 22, 2000, and could not be located. Dkt. 15, Declaration of Ken Wilder, at 3–4. The file remains missing. *Id.* at 4. On October 29, 2001, the Ogden disclosure specialist sent to an attorney in the Office of the Assistant Chief Counsel for Disclosure and Privacy Law a one page copy of a certified mail log from March 13, 1999, which listed plaintiff, as well as other taxpayers who received Statutory Notices of Deficiency from the IRS. *Id.* That document has been forwarded to plaintiff. Portions of that document were redacted pursuant to FOIA subsection (b)(3) in conjunction with I.R.C. § 6103(a), FOIA Subsection (b)(3), FOIA Subsection (b)(7)(C) because the document contained information about third party taxpayers.

## C. MOTION FOR SUMMARY JUDGMENT

The IRS has filed a motion for summary judgment, contending that (1) the search for responsive documents was adequate; (2) the IRS did not improperly withhold documents from plaintiff; (3) plaintiff is not entitled to attorney's fees and costs; and (4) plaintiff is not entitled to a written finding under 5 U.S.C. § 552(a)(4)(F) that agency personnel acted arbitrarily or capriciously with respect to the withholding or records.

On January 15, 2002, the court informed plaintiff of the requirements to respond to a motion for summary judgment filed pursuant to Fed.R.Civ.P. 56, and the motion was renoted. Plaintiff did not file any response to the motion for summary judgment or otherwise respond to the court's January 15, 2002 order.

## D. DISCUSSION

### 1. *Adequacy of Search*

 In order to prevail on a motion for summary judgment in a FOIA action, an agency must show that a reasonable search for responsive records was conducted. *See Patterson v. IRS*, 56 F.3d 832, 841 (7th Cir.1995); *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 68 (D.C.Cir.1990). Defendant has shown that the IRS conducted a search for records in the Seattle Disclosure Office and provided responsive documents to plaintiffs' requests. The Ogden Campus Disclosure Office searched their records and provided the responsive document with redactions that are consistent with the legal requirements for protecting information regarding third party taxpayers. Although the 1996 tax return file related to plaintiff was not located, it appears that an adequate search was made for that file. The IRS' motion for summary judgment should be granted with respect to this issue.

### 2. *Improper Withholding of Documents*

■ Plaintiff contends that the documents requested were improperly withheld. The record shows that the IRS provided plaintiff documents responsive to his request when they were located. There is no evidence that any of the documents were improperly withheld. Redaction of third party taxpayer information was pursuant to law. The IRS' motion for summary judgment should be granted with respect to this issue.

### 3. *Attorney's Fees and Costs*

■ In a FOIA action, "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). The privacy Act also provides for attorney's fees and costs. A pro se litigant is not entitled to attorney's fees in a FOIA action. *Carter v. Veterans Administration*, 780 F.2d 1479, 1481 (9th Cir. 1986); *Dickstein v. IRS*, No. 86–4295, 1988 WL 50263 (9th Cir. May 12, 1988), *aff'd mem.*, 846 F.2d 1382, 1988 WL 50263 (1988). The question in this case is whether plaintiff should be awarded costs for litigating this case.

■ In order to establish that he substantially prevailed under 5 U.S.C. § 552(a)(4)(E), a plaintiff must prove (1) that the prosecution of the action could reasonably be regarded as necessary to obtain the information; and (2) that the action had a substantive causative effect on the delivery of the information. *Long. v. IRS*, 932 F.2d 1309, 1313 (9th Cir.1991). The criteria for awarding attorney's fees and litigation costs in Privacy Act actions are the same as the criteria for awarding such fees and costs as in a FOIA case. *Barrett v. Bureau of Customs*, 651 F.2d 1087, 1088 (5th Cir.1981), *cert. denied*, 455 U.S. 950, 102 S.Ct. 1454, 71 L.Ed.2d 665 (1982).

■ The IRS contends that it was not necessary for plaintiff to file this lawsuit in order to receive the information he had requested, that the IRS had searched for responsive documents and was preparing to release them to plaintiff when he filed his complaint. The Seattle Disclosure Office provided the documents to plaintiff six days after he filed this lawsuit, and had been searching for the documents for a number of months. Plaintiff has not provided evidence to suggest otherwise. The IRS' motion for summary judgment should be granted with respect to this issue.

### 4. *Written Findings*

■ In his complaint, plaintiff requests that the court issue a written finding that the circumstances surrounding the withholding of documents raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding of records.

5 U.S.C. § 552(a)(4)(F) provides as follows:

> Whenever the court orders the production of any agency records improperly withheld from the complainant and assesses against the United States reasonable attorney fees and other litigation costs, and the court additionally issues a written finding that the circumstances surrounding the withholding raise questions whether the agency personnel acted arbitrarily or capriciously with respect to the withholding, the Special Counsel shall promptly initiate a proceeding to determine whether disciplinary action is warranted against the officer or employee who

was primarily responsible for the withholding.

The IRS employees received plaintiff's request, searched for the records that were responsive to the requests, provided plaintiff notice on several occasions that more time would be needed, and provided documents to plaintiff that responded to his requests. There is nothing in the record to suggest that any officer or employee of the IRS acted arbitrarily or capriciously in regard to plaintiff's request under FOIA and the Privacy Act. The court should grant the IRS' motion for summary judgment on this issue.

5. In conclusion, the IRS has shown that there are no material issue of facts and that the IRS is entitled to judgment as a matter of law. Pursuant to Local Rule CR 7(b)(2), plaintiff's failure to file opposition to this motion is deemed to be an admission that the motion has merit.

Therefore, it is hereby

**ORDERED** that Internal Revenue Service's Motion for Summary Judgment (Dkt.12) is **GRANTED**. This case is **DISMISSED WITH PREJUDICE**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.