Scott A. WAAGE, Plaintiff,

v.

**INTERNAL REVENUE SERVICE,**
Defendant.

Case No. 08–CV–2065 H(BLM).

United States District Court,
S.D. California.

July 15, 2009.

Robert B. Martin, Waage Law Firm, San Diego, CA, for Plaintiff.

Gerald Alan Role, Michael J. Martineau, U.S. Department of Justice, Washington, DC, for Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY FEES

MARILYN L. HUFF, District Judge.

On May 28, 2009, Plaintiff Scott Waage filed a motion for attorney fees. (Doc. No. 11.) Defendant filed a response in opposition to Plaintiff's motion for attorney's fees on June 22, 2009. (Doc. No. 13.) Plaintiff has not filed a reply in support of his motion. On June 25, 2009, the Court submitted Plaintiff's motion for attorney fees on the papers under Local Rule 7.1(d)(1). (Doc. No. 15.) For the following reasons, the Court denies Plaintiff's motion for attorney's fees.

### Background

On or about June 4, 2008, Plaintiff Scott Waage sent two letters to the Internal Revenue Service ("IRS") requesting certain documents pertaining to pending IRS investigations of him and his law firm under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. (Compl. ¶¶ 5, 6.) On July 1, 2008, the IRS responded to

these requests and delivered more than 1300 pages of documents to Plaintiff. (Compl. ¶ 7.) Plaintiff argues that the IRS's response was inadequate because it refused to produce certain documents to which Plaintiff was entitled. (Compl. ¶ 8.)

On July 24, 2008, Plaintiff filed an administrative appeal of the IRS's disclosure decision. (Compl. ¶ 9, Ex. 4.) The IRS acknowledged receipt of the appeal letter on August, 15, 2008, and on September 23, 2008, the IRS concluded its consideration of the appeal, indicating that documents were properly withheld "per FOIA exemption (b)(7)(e) because of the ongoing investigation." (Compl. ¶¶ 10, 11, Ex. 6.)

On November 7, 2008, Plaintiff filed his Complaint and commenced this action under 5 U.S.C. § 552(a)(4)(B). (Doc. No. 1.) Plaintiff's Complaint sought "to enjoin the [IRS] from withholding from public disclosure certain agency records ... and to order the IRS to produce those records." (Compl. ¶ 1.) Following a telephonic case management conference before a magistrate judge, the magistrate judge issued an order outlining the settlement procedure and time line to which the parties had agreed. (Doc. No. 8.) The IRS agreed to review its file records pertaining to its investigation of Plaintiff and release to Plaintiff copies of records not exempt from disclosure. (*Id.*) The parties also agreed that the IRS would provide declarations as to any withheld documents detailing the search method and explanation for withholding. (*Id.*) Finally, the parties agreed that Plaintiff would notify the IRS of any objections to the adequacy of the declarations. (*Id.*)

### Discussion

The Freedom of Information Act requires federal agencies to disclose information upon request unless such information is exempt from disclosure. 5 U.S.C. § 552. Congress enacted the FOIA to enable citizens to "check against corrup-

tion and to hold the governors accountable to the governed." *Pac. Fisheries, Inc. v. United States,* 539 F.3d 1143, 1147 (9th Cir.2008) (citation omitted).

■ The statute provides that courts "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). In order to obtain an award of attorney fees under the FOIA, a plaintiff must demonstrate both eligibility and entitlement to the award. *Long v. IRS,* 932 F.2d 1309, 1313 (9th Cir.1991). These are separate considerations governed by their own standards. *Id.* at 1311. The Court considers each in turn as they relate to Plaintiff's request for attorney fees.

### I. Plaintiff's Eligibility for Attorney Fees

■ Under the language of the statute, a plaintiff must show that he "substantially prevailed" in order to be eligible for attorney fees. 5 U.S.C. § 552(a)(4)(E). Interpreting that standard, the Ninth Circuit has required that a plaintiff "present convincing evidence that two threshold conditions have been met: he must prove that (1) his filing of the FOIA action was necessary to obtain the information sought and (2) the action had a substantial causative effect on the ultimate receipt of that information." *Long v. U.S. Internal Revenue Svc.,* 932 F.2d 1309, 1313 (9th Cir.1991) (citing *Church of Scientology v. U.S. Postal Svc.,* 700 F.2d 486, 489 (9th Cir.1983)). "Whether a party has shown, in a particular case, that the suit was reasonably necessary and that a causal nexus exists between the action and surrender of information ... is a factual determination for the district

court to resolve." *Scientology,* 700 F.2d at 489.

In the *Scientology* case, the Ninth Circuit stated that "the mere fact that defendants have voluntarily released documents does not preclude an award of attorney's fees to the plaintiff." *Id.* at 492. The Supreme Court later issued a decision that some circuits interpreted as precluding fee awards in FOIA cases where documents were voluntarily released. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Resources,* 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) (holding that plaintiffs may not recover attorney fees under the catalyst theory in cases brought under the FHAA and ADA); *Oil, Chem. & Atomic Workers Int'l Union, AFL–CIO v. Dept. of Energy,* 288 F.3d 452, 456–57 (D.C.Cir.2002) (applying *Buckhannon* to FOIA); *Union of Needletrades, Indus. & Textile Employees, AFL–CIO v. U.S. Immigration & Naturalization Svc.,* 336 F.3d 200, 203 (2d Cir.2003) (same). The Ninth Circuit has recently agreed, holding that *Buckhannon* eliminated the catalyst theory for recovering attorney fees under FOIA. *Or. Natural Desert Ass'n v. Locke,* 572 F.3d 610, 616–17 (9th Cir.2009).

In 2007, Congress responded to *Buckhannon* by amending FOIA to revive the catalyst theory. *Or. Natural Desert Ass'n,* 572 F.3d at 615; 5 U.S.C. § 552(a)(4)(E)(ii). As amended, the statute provides that "a complainant has substantially prevailed if the complainant has obtained relief through either (I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii).

■ In this case, Plaintiff seeks to recover attorney fees based on an order by a magistrate judge documenting the parties' settlement. (Mot. at 7–8.) Plaintiff has not shown that he obtained relief through that order. The jurisdiction of magistrate judges is limited under 28 U.S.C. § 636. While a judge may designate a magistrate judge to determine pretrial matters, conduct hearings and submit recommendations, magistrate judges may not rule on motions for injunctive relief or render summary judgment. 28 U.S.C. § 636(b)(1). The parties in this case did not consent to magistrate judge jurisdiction for dispositive rulings under Section 636(c)(1). Accordingly, the Court concludes that the magistrate judge merely documented the agreement reached between the parties. This action does not make the Plaintiff the prevailing party.

Plaintiff also contends that he prevailed under the catalyst theory. Plaintiff's initial request for information and administrative appeal were unsuccessful. (Compl. ¶¶ 8, 11; Ex. 1, 4, 6; Mot. Ex. 2 ["King Decl."] ¶¶ 14, 15.) After Plaintiff commenced this action, his Complaint was forwarded to an IRS attorney. Thereafter, the government reviewed relevant documents and determined that approximately 1700 additional pages could be released to Plaintiff. (King Decl. ¶¶ 12, 21–22.) As a result, the Court will evaluate Plaintiff's entitlement to attorney fees under a catalyst theory. *Long,* 932 F.2d at 1313.

## II. Plaintiff's Entitlement to Attorney Fees

■ The FOIA does not mandate recovery of attorney fees upon a showing of eligibility. *Long,* 932 F.2d at 1313. Instead, once a court determines that a plaintiff is eligible for a fee award, it may then determine that the plaintiff is entitled to such an award. *Id.* "The decision to award attorney's fees is left to the sound discretion of the trial court." *Id.* "In the exercise of this discretion, the court may take into account whatever factors it

deems relevant in determining whether an award of attorney's fees is appropriate." *Id.* (quotation omitted). The Ninth Circuit, though, has identified four factors courts typically consider in addressing entitlement: "(1) the benefit to the public, if any, deriving from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding of the records sought had a reasonable basis in law." *Scientology*, 700 F.2d at 492. The Court considers each of these factors in turn.

## A. Benefit to the Public

 In weighing the public benefit factor, courts "take into account the degree of dissemination and the likely public impact that might result from disclosure." *Scientology*, 700 F.2d at 493 (citing *Blue v. Bureau of Prisons*, 570 F.2d 529, 533–34 (5th Cir.1978)). The Ninth Circuit recognizes that "an award of attorney's fees is not favored when it merely subsidizes a matter of private concern." *Scientology*, 700 F.2d at 493.

 In this case, Plaintiff sought documents pertaining to the IRS's investigation of himself and his law firm. (Compl. ¶¶ 5, 6.) There is no indication that these documents will be disseminated or that any beneficial public impact will result from their disclosure to Plaintiff. Instead, these records are of personal concern only to Plaintiff and his law firm. Plaintiff obtained no substantive court ruling in this case or order for publication. *Scientology*, 700 F.2d at 493. Accordingly, the Court concludes that the first factor cuts against an award of attorney fees in this case.

## B. Commercial Benefit to the Plaintiff

 Under the second criterion for entitlement to attorney fees, courts examine FOIA plaintiffs' private incentive to obtain the disclosed information. The Ninth Circuit cites with approval the D.C. Circuit's reasoning that "if the potential for private commercial benefit [is] sufficient incentive to encourage plaintiff's pursuit of his claim, it would not be improper for the district court to deny his attorney's fees request." *Scientology*, 700 F.2d at 494 (citing *Cuneo v. Rumsfeld*, 553 F.2d 1360 (D.C.Cir.1977)). "Under the second criterion a court would usually allow recovery of fees where the complainant was indigent or a nonprofit public interest group ... but would not if it was a large corporate interest (or a representative of such an interest)." *Scientology*, 700 F.2d at 492 (citing S.Rep. No. 93–854, at 19 (1974)).

 Here, Plaintiff is the sole shareholder and chief executive officer of his own law firm. (Compl. Ex. 2.) Plaintiff is not indigent or acting on behalf of any public interest group. Rather, the disclosed information relates directly to Plaintiff's business. (Compl. Ex. 2.) Plaintiff thus had a commercial incentive to seek the records. Accordingly, the Court concludes that the second factor does not favor an award of attorney fees.

## C. Nature of the Plaintiff's Interest

 The third factor is the nature of the complainant's interest in the records sought. *Scientology*, 700 F.2d at 494. Under this criterion, "a court would generally award fees if the complainant's interest in the information sought was scholarly or journalistic or public-interest oriented, but would not do so if his interest was of a frivolous or purely commercial nature." *Id.* at 492 (citing S.Rep. No. 93–854, at 19 (1974)). An award of attorney fees may not be recoverable where the plaintiff "intends to protect a private interest." *Id.* at 494.

■ Here, Plaintiff's interest in records about the IRS investigation of his law firm are for a private purpose. Plaintiff has failed to show that there was any public interest aspect to his record request. Accordingly, the Court concludes that this factor disfavors an award of attorney fees.

### D. Whether the IRS's Initial Withholding Had a Reasonable Legal Basis

■ Under the fourth criterion for entitlement, an award of fees is disfavored if the agency's initial decision to withhold the sought information had a reasonable legal basis. *Scientology*, 700 F.2d at 492. Following the guidance of the Ninth Circuit, "a court would not award fees where the government's withholding had a colorable basis in law but would ordinarily award them if the withholding appeared to be merely to avoid embarrassment or to frustrate the requester." *Id.* Withholding can have a reasonable legal basis even when the requested information is ultimately determined not to fall within an FOIA exemption. *Id.* at 494.

■ In this case, the IRS initially withheld information from Plaintiff, citing FOIA exemptions (b)(3), (b)(6), (b)(7)(A), (b)(7)(C), and (b)(7)(E). (Compl. Ex. 3, 6.) Plaintiff's Complaint focuses on records pertaining to IRS's 6700 investigation of Plaintiff and his law firm. (Compl. ¶¶ 5, 8, 14.) The IRS asserted that these documents were covered by FOIA subsection (b)(7)(E), which exempts from disclosure "records or information compiled for law enforcement purposes," to the extent that information "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E); (Compl. Ex. 3, 6.).

Plaintiff argues that the IRS's initial withholding lacked a reasonable legal basis, but Plaintiff has not shown why this is the case. The IRS responded to Plaintiff's request and appeal by citing the specific exemptions applicable to withheld information. (Compl. Ex. 3, 6.) Plaintiff has not shown why records of the IRS's pending 6700 investigation would not be covered by exemption (b)(7)(E). The fact that the IRS eventually decided to disclose previously withheld information in a voluntary settlement cannot establish that the initial withholding was baseless. Accordingly, the Court concludes that this factor does not favor an award of attorney fees.

### Conclusion

Accordingly, the Court denies Plaintiff's motion for attorney fees under the Freedom of Information Act.

IT IS SO ORDERED.