**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

PACIFIC FISHERIES INC.,
   *Plaintiff-Appellant,*

v.

UNITED STATES OF AMERICA,
   *Defendant-Appellee.*

No. 06-35718

D.C. No.
CV-04-02436-JLR

OPINION

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted
March 11, 2008—Seattle, Washington

Filed August 21, 2008

Before: Betty B. Fletcher, Richard A. Paez, and
N. Randy Smith, Circuit Judges.

Opinion by Judge B. Fletcher

**COUNSEL**

Robert J. Chicoine, Cori Flanders-Palmer, Cory L. Johnson, Chicoine & Hallett, P.S., Seattle, Washington, for the plaintiff-appellant.

Jonathan S. Cohen, David M. Katinsky, Gretchen M. Wolfiner, U.S. Department of Justice, Tax Division, Washington,

D.C.; John McKay, U.S. Attorney for the Western District of Washington, Seattle, Washington, (on briefs) for the defendant-appellee.

---

## OPINION

B. FLETCHER, Circuit Judge:

Pacific Fisheries, Inc. ("Pacific Fisheries") appeals the district court order granting summary judgment to the Internal Revenue Service ("IRS") on its claim that the IRS improperly withheld or redacted certain documents responsive to Pacific Fisheries' Freedom of Information Act ("FOIA") request. *See* 5 U.S.C. § 552. We reverse in part, affirm in part, and remand to the district court to determine whether the treaty exemption applies and whether factual portions of certain documents subject to the deliberative process privilege were properly segregated and disclosed.

## I

This case arises out of a tax investigation by the Russian government of Mr. Konstantin Voloshenko ("Voloshenko"), a Pacific Fisheries employee. Pursuant to the Convention between the United States of America and the Russian Federation for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with respect to Taxes on Income and Capital ("Tax Treaty"), the Russian authorities requested the U.S. government's assistance in the investigation. On April 23, 2004, in furtherance of the Russian authorities' request, the IRS issued two third-party summonses to Bank of America, seeking records relating to Pacific Fisheries and Voloshenko. Pacific Fisheries notified the IRS that the summonses were defective, but the government refused to withdraw them. Pacific Fisheries then filed a petition to quash the summonses for various reasons, including bad faith, relevance, and timeli-

ness. The IRS subsequently withdrew the summonses and did not defend the action.

Pacific Fisheries made several attempts to obtain the documents that served as the basis for the issuance of the summonses. These included a discovery request in the district court, which the government opposed as moot after withdrawing the summonses, and a FOIA request dated July 27, 2004. In its FOIA request, Pacific Fisheries asked for all documents related to the issuance of the summonses, as well as "[a]ny and all tax returns, tax information or other documents which may have been provided by the Internal Revenue Service to Russian authorities concerning Pacific Fisheries, Inc."

On August 23, 2004, the IRS Seattle Disclosure Office notified Pacific Fisheries that it had transferred the FOIA request to the IRS Headquarters FOIA Office in Washington, D.C. On October 12, 2004, not having received a response, Pacific Fisheries submitted a follow-up request for documents to the Washington, D.C. office. On November 10, 2004, the IRS informed Pacific Fisheries that it needed additional time to determine whether it would produce the documents. As of December 9, 2004, no documents had been produced. Pacific Fisheries then filed this FOIA action in the district court seeking a court order requiring the IRS to produce the requested documents.

The government filed its answer on March 2, 2005, asserting that all documents responsive to the FOIA request were exempt from disclosure. The government cited FOIA exemption three, which applies to documents that are "specifically exempted from disclosure by statute," 5 U.S.C. § 552(b)(3), and two provisions of the Internal Revenue Code prohibiting disclosure of tax-convention information and third-party tax return information.

Notwithstanding this initial refusal to disclose any responsive documents, on March 27, 2006, the day that dispositive

motions were due in the district court, the government released (in whole or in part) 313 of 465 responsive documents. At that time, the government also filed a motion for summary judgment asserting that all other responsive documents were exempt from disclosure either under FOIA exemption three and the Internal Revenue Code or under FOIA exemption five, which incorporates both the executive deliberative process privilege and the attorney work-product privilege. In support of its motion the government filed a declaration from Helene R. Newsome of the Office of Chief Counsel, Disclosure & Privacy Law, of the IRS ("Declaration I") stating which exemption or exemptions applied to each document that was withheld in whole or in part. Withheld documents were identified by page number and a general description such as "letter" or "email." Declaration I grouped documents together according to these general descriptions, and did not include identifying details such as dates or authors.

That same day, Pacific Fisheries filed its own motion for summary judgment, arguing that the government had failed to carry its burden of demonstrating that the withheld documents were exempt. Pacific Fisheries also took issue with the fact that the government did not disclose the documents until the day that dispositive motions were due, a delay that was unnecessary, in violation of the statute and regulations, and which deprived Pacific Fisheries of the opportunity to review the documents and claimed exemptions before filing its motion for summary judgment.

On April 24, 2006, after reviewing the disclosed documents and Declaration I, Pacific Fisheries filed its opposition to the government's motion for summary judgment. In its opposition, Pacific Fisheries specifically challenged the government's failure to segregate and disclose factual portions of the documents that were withheld pursuant to the deliberative process privilege. In response, the government submitted a second declaration from Helene Newsome ("Declaration II")

reiterating the previous description of the document search, stating that Newsome "attempted to make all reasonably segregable non-exempt portions of documents available to plaintiff," and noting that many documents are covered by more than one exemption, a factor that could affect the segregability analysis.

Finally, on May 5, 2006, Pacific Fisheries filed its reply to the government's opposition to Pacific Fisheries' motion for summary judgment. Pacific Fisheries continued to argue that the government failed to demonstrate the adequacy of its search or to produce all relevant documents. Additionally, and for the first time, it challenged the government's assertion that the tax-convention information is exempt from disclosure under 26 U.S.C. § 6105(c)(1)(E), arguing that the government's position was based on an erroneous interpretation of the law because the requested information was not confidential vis-à-vis Pacific Fisheries.

On June 1, 2006, the district court filed its order denying Pacific Fisheries' motion for summary judgment and granting the government's motion. The court first concluded that the IRS's search for responsive documents was reasonable. Next, the court concluded that Declaration I was sufficiently thorough to permit Pacific Fisheries to "intelligently advocate release of the withheld documents."

Turning to the specific exemptions, the district court rejected Pacific Fisheries' arguments regarding segregation of factual portions of documents withheld pursuant to FOIA exemption five because Pacific Fisheries had failed to explain why it believed that some of the redacted materials might contain factual portions that must be segregated and disclosed, and because the attorney work-product privilege extends to factual material contained in work product. The court therefore concluded that the IRS had sustained its burden of showing that the documents were properly redacted or withheld. The court also rejected Pacific Fisheries' tax convention

information argument. Although the court noted that Pacific Fisheries "inexplicably" waited until its reply brief to raise the issue, thus depriving the IRS of the opportunity to respond, the court rejected the argument on the merits, concluding that Pacific Fisheries had not created any question of fact over whether the IRS properly withheld treaty information.

Finally, the district court ordered the government to show cause why the court should not impose sanctions. The court opined that the IRS "unreasonably and vexatiously multiplied proceedings" by refusing to disclose documents for almost two years and then producing the disclosed documents on the day that dispositive motions were due. The court ordered the parties to attempt to negotiate a settlement on the issue of appropriate compensation for Pacific Fisheries and ordered the IRS to file a pleading in response to the order to show cause if the parties were unable to reach an agreement.

On June 22, 2006, Pacific Fisheries filed a notice of settlement with the district court. The government agreed to pay Pacific Fisheries $17,274.10 as reimbursement for attorneys' fees. Both parties reserved the right to appeal the district court's order with respect to any issue other than sanctions. That same day, the district court dismissed the case. Pacific Fisheries timely appealed.

## II

The Freedom of Information Act is premised on the theory that in order for democracy to function properly, citizens must have access to government information, particularly where access might be "needed to check against corruption and to hold the governors accountable to the governed." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989) (quoting *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978)). It thus mandates "full agency disclosure" unless information is clearly exempted under one of FOIA's nine statutory exemptions. *Id.*

**A.**

**[1]** Although FOIA espouses a policy of broad disclosure, exemption three protects documents "specifically exempted from disclosure by statute." 5 U.S.C. § 552(b)(3). At issue here is 26 U.S.C. § 6105(a), a provision of the Internal Revenue Code prohibiting the disclosure of tax-convention information, which is defined as "information exchanged pursuant to a tax convention which is treated as confidential or secret under the tax convention," 26 U.S.C. § 6105(c)(1)(E).

The government withheld 24 documents in their entirety and 45 documents in part as confidential tax-convention information. In its reply brief to the district court, Pacific Fisheries argued that the government's position was based on an erroneous interpretation of law. The district court rejected this argument on the merits. On appeal, the government argues that Pacific Fisheries waived the tax convention information argument by failing to raise it in its motion for summary judgment or opposition brief.

**[2]** We decline to hold that Pacific Fisheries waived the tax convention information argument. Pacific Fisheries received the disclosed documents and Declaration I on the same day that dispositive motions were due in the district court. By waiting until that day to make the disclosure, the government deprived Pacific Fisheries of the opportunity to review and challenge the claimed exemptions in its motion for summary judgment. Although Pacific Fisheries could have raised the argument in its opposition to the government's motion for summary judgment, it was not required to do so. It is enough that Pacific Fisheries raised the issue in the district court and that the district court rejected the argument on the merits. *See Glaziers & Glassworkers Local Union No. 767 v. Custom Auto Glass Distribs.*, 689 F.2d 1339, 1342 n.1 (9th Cir. 1982). However, because the government has not briefed the merits of this issue, we remand so that the district court can consider

the question in the first instance, after thorough briefing by the parties.

## B.

**[3]** Under FOIA exemption five, an agency can withhold "inter-agency or intra-agency memorandums [sic] or letters which [sic] would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). This exemption "entitles an agency to withhold . . . 'documents which a private party could not discover in litigation with the agency.' " *Maricopa Audubon Soc'y v. U.S. Forest Serv.*, 108 F.3d 1089, 1092 (9th Cir. 1997) (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 148 (1975)). Specifically, it protects documents that would be covered by the attorney work-product privilege and the executive deliberative process privilege.[1] *Id.* However, the agency must disclose "[a]ny reasonably segregable portion of a record . . . after deletion of the [exempt] portions." 5 U.S.C. § 552(b).

**[4]** The attorney work-product and deliberative process privileges are both rooted in the law of discovery and are designed (in part) to encourage the author of a document to be candid. *See Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 864, 867 (D.C. Cir. 1980). But they differ in important ways, not the least of which is their treatment of factual material within documents. Factual portions of documents covered by the deliberative process privilege must be segregated and disclosed unless they are "so interwoven with the deliberative material that [they are] not [segregable]." *United States v. Fernandez*, 231 F.3d 1240, 1247 (9th Cir. 2000).

**[5]** The same is not true for documents withheld pursuant to the attorney work-product privilege. *See id.* That privilege

---

[1]It also incorporates the attorney-client privilege, but that privilege is not at issue in this appeal.

shields both opinion and factual work product from discovery. Fed. R. Civ. P. 26(b)(3) ("Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation . . . ."); *Hickman v. Taylor*, 329 U.S. 495, 510 (1947) (holding that attorney's notes of client interviews are not discoverable absent a showing of "necessity or justification"); *cf.* Fed. R. Crim. P. 16(a)(2) (providing that as a general matter, criminal defendants are not entitled to "discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case"). Therefore, if a document is covered by the attorney work-product privilege, the government need not segregate and disclose its factual contents. *See* 5 U.S.C. § 552(b); *Maricopa Audubon Soc'y*, 108 F.3d at 1092.

The burden is on the agency to establish that all reasonably segregable portions of a document have been segregated and disclosed. 5 U.S.C. § 552(a)(4)(B), (b). "Courts must apply that burden with an awareness that the plaintiff, who does not have access to the withheld materials, is at a distinct disadvantage in attempting to controvert the agency's claims." *Maricopa Audubon Soc'y*, 108 F.3d at 1092 (internal quotation omitted). The agency can meet its burden by offering an affidavit with reasonably detailed descriptions of the withheld portions of the documents and alleging facts sufficient to establish an exemption. *Id.*; *see also Wiener v. FBI*, 943 F.2d 972, 979 (9th Cir. 1991) (holding that the FBI's explanation was not sufficiently specific when it "provide[d] no information about particular documents and portions of documents that might be useful in contesting nondisclosure"). The affidavits must not be conclusory. *Church of Scientology of Cal. v. U.S. Dep't of the Army*, 611 F.2d 738, 742 (9th Cir. 1979). Rather they should disclose "as much information as possible without thwarting the claimed exemption's purpose." *Wiener*, 943 F.2d at 979 (citation omitted).

We employ a two-part test in reviewing a district court order granting summary judgment in a FOIA case. *Lion Raisins v. U.S. Dep't of Agric.*, 354 F.3d 1072, 1078 (9th Cir. 2004). First, we determine "whether the district court had an adequate factual basis for its decision." *Id.* Whether a particular set of documents gives the court an adequate factual basis for its decision is a question of law that we review *de novo*. *Id.* If we determine that an adequate factual basis exists to support the district court's decision, we review the district court's conclusions under either the clearly erroneous or *de novo* standard of review, depending on whether the district court's conclusions are primarily factual or legal. *See id.*

The government withheld 108 documents in their entirety and 26 documents in part claiming that they were protected by either the deliberative process privilege, the attorney work-product privilege, or both. In the district court, Pacific Fisheries challenged the government's failure to segregate and disclose factual materials in documents withheld pursuant to the deliberative process privilege. In response, the government filed Declaration II, stating that "[i]n asserting the deliberative process privilege, [Newsome] attempted to make all reasonably segregable non-exempt portions of documents available to plaintiff," but noting that many documents were withheld under both the deliberative process privilege and the attorney work-product privilege, the latter of which covers factual material as well as opinions. The district court granted summary judgment to the government because Pacific Fisheries had failed to explain why it believed that the government might have improperly redacted factual material and, moreover, the attorney work product privilege extends to factual materials contained in work product. On appeal, Pacific Fisheries argues that the district court improperly shifted the burden of proof from the government to Pacific Fisheries and that factual portions of documents are not exempt from disclosure. Pacific Fisheries further argues that the district court erred by not conducting *in camera* review of the redacted documents.

**[6]** We interpret Pacific Fisheries' first argument as a challenge to the sufficiency of the factual record on which the district court based its decision. We conclude that the record was insufficient because it did not provide Pacific Fisheries or the district court with specific enough information to determine whether the IRS had properly segregated and disclosed factual portions of those documents that the IRS claimed were exempt under the deliberative process privilege but not the attorney work-product privilege. We have identified five pages of responsive documents that meet this description.[2] Although Declaration II states that Newsome attempted to segregate all factual portions of these documents, that statement is too conclusory to meet the agency's burden. Given the inadequacy of the factual record, the district court erred in granting the IRS's motion for summary judgment on this point.

**[7]** On remand the district court must make specific findings as to whether factual information has been properly segregated and disclosed in all documents or portions of documents that the IRS claims are exempt from disclosure under the deliberative process privilege but not the attorney work-product privilege. *See Church of Scientology of Cal.*, 611 F.2d at 744. In order to assist the district court, the IRS should submit affidavits describing in more detail the with-

---

[2]We identified pages 59, 138, 143, 193, and 199. On remand, however, Pacific Fisheries may identify additional documents. We understand that the IRS claimed that each of the documents we identified was also exempt in part because they contained either tax-convention information or confidential information regarding a third party. This does not alter our conclusion that the agency has failed to meet its burden. Given that we have ordered the district court to consider Pacific Fisheries' tax convention information argument on remand, we currently cannot rely on that claimed exemption as a basis for determining that the IRS has met its burden. As for the documents containing confidential third-party information, the record is insufficient to establish that these documents do not contain disclosable factual information that could be reasonably segregated from any confidential information regarding third parties.

held portions of these documents so that both the district court and Pacific Fisheries can evaluate the government's claims of exemption. If the government is unable to provide sufficiently specific affidavits, the district court should review the documents *in camera* to determine whether the factual portions were properly segregated and disclosed. *See Harvey's Wagon Wheel, Inc. v. NLRB*, 550 F.2d 1139, 1143 (9th Cir. 1976) (noting that *in camera* review is "appropriate and perhaps necessary" where there is a factual dispute as to the nature of the documents withheld).

## III

[8] We affirm the district court order in so far as it held that factual portions of documents withheld pursuant to the attorney work-product privilege need not be segregated and disclosed. We reverse the district court order in so far as it held that the IRS was not required to segregate and disclose factual portions of documents withheld pursuant to the deliberative process privilege, as well as the conclusory holding, without the benefit of thorough briefing by the parties, that the IRS properly applied the tax convention information exemption. The order of the district court is vacated and the case is remanded for further proceedings consistent with this opinion. Each side shall bear their own costs on appeal.

**VACATED AND REMANDED.**