**Manh NGUYEN, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE, Defendant–Appellee.**

**No. 07–56642.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 3, 2009.*

Filed Feb. 11, 2009.

Alexandra Tran Manbeck, Esquire, Law Office of Alexandra T. Manbeck, San Diego, CA, for Plaintiff–Appellant.

Armand D. Roth, Esquire, Special Assistant U.S., SSA–Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: SILVERMAN and CALLAHAN, Circuit Judges, and MILLS,** District Judge.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\** The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

MEMORANDUM ***

Plaintiff Manh Nguyen appeals the district court's order affirming the Social Security Commissioner's final decision to terminate her benefits. We review the district court's order de novo, *see Vasquez v. Astrue,* 547 F.3d 1101, 1104 (9th Cir. 2008), and we affirm.

■ The ALJ did not violate Nguyen's due process rights by failing to obtain records covering the period from 1989 to 2003 from Dr. Nguyen or UPAC. The Social Security Administration did contact UPAC, and UPAC reported that Nguyen had not been treated there since 1992. The ALJ's duty to develop the record is triggered when the evidence is ambiguous or the record is inadequate to permit a proper evaluation of the evidence. *Mayes v. Massanari,* 276 F.3d 453, 459–60 (9th Cir.2001). Nguyen has not presented evidence, either before the ALJ or on appeal, that makes the record ambiguous or inadequate to evaluate her claim. Consequently, Nguyen's claim that the ALJ improperly credited Dr. Gerson and Dr. Carroll based on an inadequate record also fails.

Nguyen's argument that the ALJ failed to develop Dr. Bolter's testimony fails because his testimony was not ambiguous, and the ALJ thoroughly and fairly described his overall conclusions. *See Widmark v. Barnhart,* 454 F.3d 1063, 1067 (9th Cir.2006).

■ The ALJ provided specific and legitimate reasons, supported by substantial evidence, for rejecting Dr. Nguyen's opinion. *See Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir.2005). Dr. Nguyen's opinion contained no objective medical findings and did not describe the rationale, testing, or clinical symptoms supporting

the diagnosis of depression. *See Tonapetyan v. Halter,* 242 F.3d 1144, 1149 (9th Cir.2001). The ALJ also rejected Dr. Bari's opinion for specific and legitimate reasons, in that the opinion conflicted with Dr. Bari's own longitudinal treatment notes. *See Connett v. Barnhart,* 340 F.3d 871, 875 (9th Cir.2003). The Appeals Council properly rejected Dr. Henderson's opinion because it related to a later time period and contradicted record evidence. *See Bates v. Sullivan,* 894 F.2d 1059, 1064 (9th Cir.1990), *overruled in part on other grounds by Bunnell v. Sullivan,* 947 F.2d 341 (9th Cir.1991).

We consider Nguyen's claim regarding lay witness testimony because the judgment below addressed it on the merits. *See Pac. Fisheries, Inc., v. United States,* 539 F.3d 1143, 1147 (9th Cir.2008). Although the ALJ improperly discredited Son Le's and Be Le's testimony because they were not psychiatrists, the ALJ provided additional reasons that were "germane" to each witness, including that their testimony was inconsistent with medical evidence. *See Greger v. Barnhart,* 464 F.3d 968, 972 (9th Cir.2006). The ALJ also offered "specific, clear and convincing" reasons for rejecting Nguyen's own testimony. *See Tonapetyan,* 242 F.3d at 1148.

Finally, we hold that the ALJ's determination that Nguyen is no longer disabled is supported by substantial evidence. The record supports the finding that Nguyen's asthma and diabetes mellitus were not severe enough to meet a Listing, and treatment notes support the ALJ's determination that Nguyen's impairments, in combination, were not disabling. Dr. Henderson's letter, the only

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

objective medical evidence to the contrary, was properly disregarded.

We decline to consider Nguyen's argument that the ALJ wrongfully assumed she had no mental impairment when posing the hypothetical to the vocational expert because Nguyen did not raise this claim before the district court or in her opening brief. *See Koerner v. Grigas,* 328 F.3d 1039, 1048 (9th Cir.2003).

AFFIRMED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.