**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

OREGON NATURAL DESERT
ASSOCIATION,
　　　　　*Plaintiff-Appellee,*

　　　　v.

GARY LOCKE,* Secretary, United
States Department of Commerce;
WILLIAM T. HOGARTH, Director,
NOAA Fisheries NATIONAL MARINE
FISHERIES SERVICES,
　　　　　*Defendants-Appellants.*

No. 06-35851

D.C. No.
CV-05-00210-KI

OPINION

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Argued and Submitted
October 21, 2008—Portland, Oregon

Filed July 8, 2009

Before: David R. Thompson, A. Wallace Tashima and
Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge Thompson

---

　　* Gary Locke is substituted for his predecessor Carlos M. Gutierrez, as
Secretary, United States Department of Commerce, pursuant to Fed. R.
App. P. 43(c)(2).

## COUNSEL

Mark W. Pennak, United States Department of Justice, Washington D.C. for the defendants/appellants.

Peter M. Lacy, Portland, Oregon, for the plaintiff/appellee.

## OPINION

THOMPSON, Senior Circuit Judge:

The Department of Commerce, National Oceanic and Atmospheric Administration Fisheries ("NOAA Fisheries") and National Marine Fisheries Services (collectively, "Commerce") appeal the district court's order granting attorney fees and costs under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), in favor of Oregon Natural Desert Association ("ONDA"). The district court issued the attorney fees order after it entered judgment in ONDA's action alleging unlawful withholding of requested documents and use of unlawful processing regulations in violation of the FOIA and the Administrative Procedure Act, 5 U.S.C. §§ 701-706 ("APA").

We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand for recalculation of the attorney fee award. On two of its claims, ONDA was not a substantially prevailing party under *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't. of Health & Human Res.*, 532 U.S. 598 (2001). As to those claims, the defendants provided the documents ONDA requested before the district court ordered that they be turned over. ONDA was successful in obtaining the documents, but it succeeded by use of the catalyst theory of recovery, and not by either a judgment on the merits or a court-ordered consent decree as required by *Buckhannon*. *Id*. at 604.

The Openness Promotes Effectiveness in our National Government Act (the "2007 Amendments" to the FOIA) authorizes the payment of attorney fees when documents such as those sought by ONDA are recovered using a catalyst theory, but those Amendments were signed into law after the district court entered its attorney fees order, and they do not apply retroactively to this case. ONDA is not eligible for the recovery of attorney fees on its first two claims. Nor is it eligible

for attorney fees on its third claim, which it lost. But, it is eligible for an award of attorney fees on its fourth claim for its successful challenge to the cut-off regulation.[1]

## I

### *Background*

On March 11, 2004, ONDA submitted a FOIA request to NOAA Fisheries, a component of an agency within the Department of Commerce. ONDA requested documents regarding the effects of livestock grazing on Upper and Middle Columbia River Steelhead from "2003 to the present." NOAA Fisheries obtained clarification of the request and then determined the documents responsive to it were those within its possession and control as of April 30, 2004, pursuant to the cut-off regulation.[2] 15 C.F.R. § 4.5(a) (prior to amendment). NOAA Fisheries referred the request to the agencies that had the primary interest in the documents for a direct response to ONDA. *See* 15 C.F.R. § 4.5(b).

ONDA filed a second FOIA request on January 7, 2005 seeking the same information as the first request, but for the period from "March 2004 to the present." NOAA Fisheries limited its search to documents in its possession and control before January 10, 2005, the date it received the second request, pursuant to the cut-off regulation. *See* 15 C.F.R. § 4.5(a) (prior to amendment).

---

[1]ONDA moved to dismiss this appeal on the ground that "[t]he OPEN Government Act invalidates Commerce's sole basis for the appeal." For the reasons set forth in this opinion, we deny that motion.

[2]Although the cut-off regulation, prior to amendment, specified that responsive documents were only those in the possession and control of the agency as of the date the request was received, Commerce explained its guidelines also provided that responsive documents would include those in the possession and control of the agency as of the date the agency received clarification of the request in the event clarification was sought. NOAA Fisheries received clarification of ONDA's request on April 30, 2004.

On February 14, 2005, ONDA filed this lawsuit under the FOIA and the APA to compel the production of the documents it had requested on March 11, 2004 and January 7, 2005. ONDA also challenged Commerce's use of the referral regulation and cut-off regulation as violations of the FOIA. ONDA sought both declaratory and injunctive relief pursuant to the FOIA and the APA.

Within two months of the initiation of the lawsuit, NOAA Fisheries and other agencies to which ONDA's request for documents had been referred completed the production on both FOIA requests. Commerce then moved to dismiss this action, arguing the claims had been rendered moot by production of the requested documents. ONDA opposed the motion to dismiss and cross-moved for summary judgment, arguing it was entitled to declaratory relief on Commerce's pattern and practice of delay, and injunctive relief on its claims that the processing regulations violated the FOIA.

The district court determined that NOAA Fisheries's untimely response violated the FOIA, but that the referral regulation complied with the FOIA. After the parties submitted additional briefing, the district court granted ONDA summary judgment on its challenge to the cut-off regulation and enjoined Commerce from relying on it when responding to future FOIA requests. The cut-off regulation was amended thereafter to define responsive documents as those within the possession and control of the agency as of the date it begins its search for them. 15 C.F.R. § 4.5(a).

ONDA then moved for attorney fees and costs under the FOIA, or in the alternative, under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). The district court awarded ONDA attorney fees and costs of $46,889.02 under the FOIA. Commerce appeals that award.

II

*Discussion*

An award of attorney fees is reviewed for an abuse of discretion; whether the district court applied the correct legal standard is reviewed de novo. *See Childress v. Darby Lumber, Inc.,* 357 F.3d 1000, 1011 (9th Cir. 2004).

Commerce does not challenge the relief granted in the underlying judgment. An award of attorney fees raises legal issues collateral to and separately appealable from the decision on the merits. *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 200 (1988); *White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 451-52 (1982). Therefore, we review the attorney fees award without disturbing the underlying judgment.

[1] The FOIA requires federal agencies to disclose information upon request unless such information is exempt from disclosure. 5 U.S.C. § 552. Congress enacted the FOIA to enable citizens "to check against corruption and to hold the governors accountable to the governed." *Pac. Fisheries, Inc. v. United States,* 539 F.3d 1143, 1147 (9th Cir. 2008) (citation omitted). Agencies must determine within twenty working days after receipt of a request whether to comply with it. 5 U.S.C. § 552(a)(6). When an agency improperly withholds documents from a requester, the FOIA authorizes the courts to order their production. 5 U.S.C. § 552(a)(4)(B).

To obtain an award of attorney fees under the FOIA, a plaintiff must demonstrate both eligibility and entitlement to the award. *Long v. IRS,* 932 F.2d 1309, 1313 (9th Cir. 1991).

[2] "A complainant in a FOIA action is deemed to be eligible for fees if he has 'substantially prevailed' on his claim." *Id.* If a plaintiff is eligible for fees under the FOIA, the district

court has discretion to determine whether the plaintiff is entitled to fees. *Id.*[3]

Prior to its most recent amendments, the FOIA had a basic fee provision: "The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552 (a)(4)(E) (prior to amendment).

**[3]** In 2001, the Supreme Court addressed the issue of whether the term "prevailing party," as found in the Fair Housing Amendments Act ("FHAA") and Americans with Disabilities Act ("ADA"), included a party that achieved a desired result through a voluntary change in the position of the opposing party. *See Buckhannon*, 532 U.S. at 600. *Buckhannon* addressed what is known as the catalyst theory, which allowed a plaintiff to recover attorney fees despite the fact that a court had not rendered a judgment in the plaintiff's favor if the litigation caused the defendant to change its position. *Id.* at 601. In *Buckhannon*, the Court disclaimed the catalyst theory's application to the FHAA and ADA fee provisions, stating the theory would impermissibly "allow[ ] an award where there is no judicially sanctioned change in the legal relationship of the parties." *Id.* at 605. The Court limited the definition of "prevailing party" to those plaintiffs who achieve the desired outcome through either judgment on the merits or a court-ordered consent decree. *Id.* at 604.

Although *Buckhannon* rejected the application of the catalyst theory to the recovery of attorney fees under the FHAA and the ADA, the D.C. Circuit later applied *Buckhannon's*

---

[3]We discuss only ONDA's eligibility for attorney fees because Commerce did not challenge ONDA's entitlement to fees in its briefs filed with this court. Fed. R. App. P. 28(a)(9); *Indep. Towers of Wash. v. Washington,* 350 F.3d 925, 929 (9th Cir. 2003) (noting this court will not address claims not argued in the opening brief).

analysis and rejected the catalyst theory for the recovery of attorney fees under the FOIA. *Oil, Chem. & Atomic Workers Int'l Union, AFL-CIO v. Dep't of Energy,* 288 F.3d 452, 456-57 (D.C. Cir. 2002). The Second Circuit followed suit. *Union of Needletrades, Indus. & Textile Employees, AFL-CIO v. INS*, 336 F.3d 200, 203 (2d Cir. 2003).

Until now, our circuit has not had occasion to determine whether *Buckhannon* applies to a FOIA case. We have, however, determined that *Buckhannon* extends to two statutes other than the FHAA and ADA. *See Perez-Arellano v. Smith,* 279 F.3d 791, 794 (9th Cir. 2002) (applying *Buckhannon* analysis to Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A)); *Bennett v. Yoshina,* 259 F.3d 1097, 1100 (9th Cir. 2001) (applying *Buckhannon* analysis to Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988).

**[4]** In December 2007, President Bush signed into law the 2007 Amendments, which modified FOIA's provision for the recovery of attorney fees to ensure that FOIA complainants who relied on the catalyst theory to obtain an award of attorney fees would not be subject to the *Buckhannon* proscription. *See* 5 U.S.C. § 552(a)(4)(E)(i) & (ii). Following the 2007 Amendments, the FOIA's attorney fee provision states:

> The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed. For purposes of this subsection, a complainant has substantially prevailed if the complainant has obtained relief through either (i) a judicial order, or an enforceable written agreement or consent decree, or (ii) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial.

5 U.S.C. § 552(a)(4)(E)(i) & (ii).

Congress expressly conveyed concerns about *Buckhannon* in explaining the need for the 2007 Amendments:

> The bill also addresses a relatively new concern that, under current law, Federal agencies have an incentive to delay compliance with FOIA requests until just before a court decision is made that is favorable to a FOIA requester. The Supreme Court's decision in [*Buckhannon*] eliminated the "catalyst theory" for attorneys' fees recovery under certain federal civil rights laws. When applied to FOIA cases, *Buckhannon* precludes FOIA requesters from ever being eligible to recover attorneys' fees under circumstances where an agency provides the records requested in the litigation just prior to a court decision that would have been favorable to the FOIA requester. The bill clarifies that *Buckhannon* does not apply to FOIA cases. Under the bill, a FOIA requester can obtain attorneys' fees when he or she files a lawsuit to obtain records from the Government and the Government releases those records before the court orders them to do so.

153 Cong. Rec. S15701-04 (daily ed. Dec. 14, 2007) (statement of Sen. Leahy, sponsor of the 2007 Amendments).

*Eligibility for Attorney Fees*

The first issue is whether ONDA was a substantially prevailing party, making it eligible for attorney fees under the FOIA.

ONDA brought four claims in this lawsuit. Claim one is a FOIA claim in which ONDA sought records and obtained a ruling in its favor. Claim two is an APA claim in which ONDA sought injunctive and declaratory relief for the same violation of the FOIA and for which it also obtained a ruling in its favor. Claim four is a claim in which ONDA sought and

obtained injunctive relief against the cut-off regulation used in processing requests which violated the FOIA. Claim three, the only claim on which ONDA did not obtain relief, challenged the referral regulation used in processing FOIA requests.

In ruling on ONDA's attorney fees request, the district court pointed out that ONDA obtained summary judgment on claims one, two and four while the court dismissed claim three with prejudice. The ruling by the district court was issued before the 2007 Amendments made *Buckhannon* inapplicable to FOIA cases. The district court applied the *Buckhannon* rule. It held that to recover attorney fees, a plaintiff had to be a substantially prevailing party, and to be that, the plaintiff had to have obtained an enforceable judgment which materially altered the legal relationship of the parties. *See Buckhannon*, 532 U.S. at 605. The district court concluded that ONDA satisfied the *Buckhannon* standard.

While we agree ONDA prevailed on claim four and is entitled to recover attorney fees for obtaining injunctive relief, we disagree with the district court's conclusion that under *Buckhannon* ONDA is entitled to recover attorney fees on claims one and two. ONDA eventually obtained a judgment under the FOIA that it was entitled to the documents it had requested in its claims one and two, but the defendants had turned those documents over to ONDA before the court made its decision. Thus, ONDA prevailed on claims one and two under the catalyst theory, but *Buckhannon* rejected the catalyst theory as a basis for the recovery of attorney fees against the government.

Before the 2007 Amendments became effective, the Second and D.C. Circuits applied *Buckhannon's* analysis to the FOIA and precluded the recovery of attorney fees against the government under a catalyst theory. *See Union of Needletrades,* 336 F.3d at 209; *Oil, Chem. & Atomic Workers,* 288 F.3d at 456. Both the Second and D.C. Circuits compared FOIA's

fee-shifting provisions to similar provisions in the two statutes considered in *Buckhannon* and concluded that *Buckhannon's* holding extended to the FOIA. We agree with this analysis. In the present case, *Buckhannon* would apply to preclude a recovery of attorney fees on claims one and two unless the 2007 Amendments to the FOIA, or the earlier 1974 Amendments to that statute ("1974 Amendments"), authorize a contrary result.

A. *Applicability of the 2007 Amendments, or the 1974 Amendments, to the Present Case*

The district court entered its attorney fees order on April 24, 2006. The 2007 Amendments were signed into law on December 31, 2007, while this appeal was pending. ONDA argues that, under *Landgraf v. USI Film Products,* 511 U.S. 244 (1994), the presumption against retroactivity does not apply here, so the 2007 Amendments should apply to this case and permit its recovery of attorney fees on claims one and two.

At issue in *Landgraf* was a change in the law while litigation was pending on appeal with regard to an award of attorney fees. The Court discussed the application of the presumption against retroactivity in conjunction with the analysis in *Bradley v. School Board of City of Richmond,* 416 U.S. 696 (1974). *Landgraf*, 511 U.S. at 277.

In *Bradley,* the Supreme Court reviewed the appellate court's reversal of the district court's award of attorney fees to petitioners who were prevailing parties in a school desegregation case. *Bradley*, 416 U.S. at 698-99. After the case had been submitted to the appellate court but before a decision had been reached, Congress enacted § 718 of the Education Amendments of 1972 which allowed attorney fees to be granted to the prevailing party upon a final order in a school desegregation case. The appellate court reasoned that § 718 did not apply to services rendered before the date of its enact-

ment. The Court vacated that judgment and remanded the case to the appellate court. According to *Bradley*, a court should apply the law in effect at the time its decision is rendered unless doing so would "result in manifest injustice or there is a statutory or legislative history to the contrary." *Bradley,* 416 U.S. at 711. Thereafter, the Court decided *Landgraf*.

The Court in *Landgraf* stated:

> Although [the above] language [in *Bradley*] suggests a categorical presumption in favor of application of *all* new rules of law, we now make it clear that *Bradley* did not alter the well-settled presumption against application of the class of new statutes that would have genuinely "retroactive" effect . . . . [T]he attorney's fee provision at issue in *Bradley* did not resemble the cases in which we have invoked the presumption against statutory retroactivity. Attorney's fee determinations, we have observed, are "collateral to the main cause of action" and "uniquely separable from the cause of action to be proved at trial."

*Landgraf*, 511 U.S. at 277 (quoting *White*, 455 U.S. at 451-52).

**[5]** The *Bradley* test for whether a newly passed law should be given retroactive effect examines (1) whether the new law imposes new legal consequences for past conduct, (2) whether manifest injustice would occur by applying the new law, and (3) whether any contrary legislative history exists. *Bradley,* 416 U.S. at 711-12. In addition, when sovereign immunity is an issue, as in this case, and a recovery depends upon a waiver of that immunity, such a waiver will not be applied retroactively if the new law provides a *new* waiver of sovereign immunity. *Brown v. Sec'y of Army,* 78 F.3d 645, 650-51 (D.C. Cir. 1996) ("In the usual case, that is, the case in which no waiver of sovereign immunity is involved—*Bradley*

requires the court to presume that the newly enacted provision is retroactive . . . ."). "In the special case, however, [involving the need for a waiver of sovereign immunity] the rule of strict construction requires the opposite," *id.* at 651, because "waivers of sovereign immunity are to be read 'no more broadly than [their] terms require.' " *Trout v. Sec'y of Navy,* 317 F.3d 286, 290 (D.C. Cir. 2003) (quoting *Brown,* 78 F.3d at 649).

**[6]** Here, the newly enacted 2007 Amendments contain a new waiver of sovereign immunity for recovery of attorney fees under the catalyst theory, and they do not explicitly apply that waiver retroactively. Therefore, the 2007 Amendments do not apply retroactively to this case. Accordingly, a recovery of attorney fees in this FOIA action under the catalyst theory will apply only if the 1974 Amendments to the FOIA, which created the "substantially prevail" standard, waived sovereign immunity for the recovery of fees under the catalyst theory.

**[7]** As stated in our review of *Oil Workers* and *Union of Needletrades* above, we agree with the Second and D.C. Circuits that the 1974 FOIA Amendments did not waive the government's sovereign immunity. That is, Congress, in enacting the 1974 Amendments, did not authorize payment of attorney fees under the catalyst theory. *See Union of Needletrades,* 336 F.3d at 209; *Oil Workers,* 288 F.3d at 456 (citing *Buckhannon*). Moreover, as we further concluded above, the 2007 Amendments did not retroactively waive sovereign immunity against this type of fee recovery. As a result, sovereign immunity prohibits ONDA from recovering its attorney fees on its first two claims under the catalyst theory. The attorney fees granted to ONDA for prevailing on claims one and two, therefore, must be reversed.

B. *Claim Four*

**[8]** Although Commerce contends claim four is an APA claim, the APA prescribes standards for judicial review of an

agency action only when jurisdiction is otherwise established. 5 U.S.C. §§ 701-706; *Gallo Cattle Co. v. U.S. Dep't of Agric.,* 159 F.3d 1194 (9th Cir. 1998). Section 706(1) of the APA addresses the issue of agency inaction and provides that a court will "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Commerce argues that the injunction granted as to claim four was based on the court's determination that the cut-off regulation violated the APA. However, even if ONDA had brought claim four as an APA claim as Commerce argues it should have, ONDA still would have prevailed on its challenge to the cut-off regulation as a violation of the FOIA. We construe the phrase "any case under this section" in 5 U.S.C. § 552(a)(4)(E) to include a case challenging the validity of a regulation governing the processing of FOIA requests. The relief obtained on claim four, therefore, meets the *Buckhannon* standard because ONDA obtained that relief when the district court ruled in its favor on the merits of that claim. *Buckhannon,* 532 U.S. at 604.

**[9]** The district court awarded attorney fees and costs in favor of ONDA in the total sum of $46,889.02. That award was made on the basis that ONDA was the prevailing party eligible for and entitled to attorney fees on all three of the claims on which it prevailed. But it is eligible for attorney fees only as to one of those claims, claim four. We therefore remand to the district court for it to determine the amount of attorney fees and costs that should be awarded to ONDA as the prevailing party on claim four.

III

*Conclusion*

As the district court correctly determined, when the complaint in this case is read as a whole, it becomes clear this is a FOIA action. The district court ruled in favor of ONDA on three out of four claims, but only after the defendants had

already produced the documents requested by claims one and two. The 2007 Amendments authorizing the payment of attorney fees to a prevailing plaintiff under a catalyst theory do not apply retroactively to this case. Nor do the 1974 Amendments permit the recovery of attorney fees under the catalyst theory. *Buckhannon*, decided before the 2007 Amendments became effective, applies to this case and precludes such a recovery as to claims one and two. As the catalyst theory is the only theory under which ONDA can be said to have prevailed on claims one and two in this FOIA action, ONDA is not eligible for the attorney fees awarded to it for its success on those claims. But it is entitled to attorney fees for its success on claim four. We therefore reverse the award of attorney fees and remand to the district court for it to calculate an award of attorney fees and costs to be awarded to ONDA for its success as the prevailing party on claim four.

ONDA shall recover its costs for these appellate proceedings.

**AFFIRMED in part, REVERSED in part, and REMANDED.**