# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2330

_____

Zarcon, Inc. and        *
Donald W. Jones,        *
       *
           Appellants,        *
       *   Appeal from the United States
       v.        *   District Court for the
       *   Western District of Missouri.
       *
National Labor Relations Board,        *
       *
           Appellee.        *

_____

Submitted: February 13, 2009
Filed: August 27, 2009

_____

Before RILEY, SMITH, and SHEPHERD, Circuit Judges.

SHEPHERD, Circuit Judge.

Zarcon, Inc. and its attorney, Donald W. Jones (collectively "Zarcon"), appeal the district court's[1] denial of their request for attorney's fees and the denial of the their motions to propound requests for admissions and conduct further discovery. We affirm.

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

I.

While investigating Zarcon for unfair labor practices in 2000 and 2001, the National Labor Relations Board (NLRB) interviewed a former supervisor of Zarcon in a manner that may have violated Missouri Ethics Rule 4.2.[2]  In 2005, two years after the underlying enforcement proceedings were concluded, Zarcon requested the name of the former supervisor and a copy of the affidavit ("Affidavit") taken during his interview by the NLRB.  The NLRB denied the requested information.  In April 2006, Zarcon filed a lawsuit to compel disclosure under the Freedom of Information Act ("FOIA") in the United States District Court for the Western District of Missouri.

As the litigation proceeded, the NLRB produced a number of the requested documents, but not the Affidavit.  In November 2006, the district court granted the NLRB's motion to stay discovery, and denied Zarcon's motion to propound requests for admissions and to conduct other reasonable discovery.  The NLRB then moved for summary judgment, which Zarcon opposed.  Before the district court ruled on the summary judgment motion, the NLRB produced the Affidavit, which Zarcon accepted on the condition that it be permitted to file a request for court costs and attorney's fees incurred while pursuing the Affidavit.

On December 31, 2007, after Zarcon had requested attorney's fees but before the district court had ruled on the request, President George W. Bush signed into law the "OPEN Government Act of 2007," Pub. L. No. 110-175, 121 Stat. 2524 (2007). The OPEN Government Act amended in part 5 U.S.C. § 552(a)(4)(E), to clarify that a complainant in a FOIA suit is eligible for an award of attorney's fees even if the

_____

[2]Rule 4.2 states: "In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order."

complainant has not obtained a final judicial resolution of the matter but has instead "obtained relief through . . . a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii).

Prior to the passage of the OPEN Government Act, two circuit court decisions extended Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health and Human Resources, 532 U.S. 598 (2001), to requests for attorney's fees under FOIA. See Union of Needletrades, Indus. & Textile Employees, AFL-CIO v. INS ("UNITE"), 336 F.3d 200, 201, 203-07 (2d. Cir. 2003); Oil, Chem. & Atomic Workers Int'l Union v. Dep't of Energy ("OCAW"), 288 F.3d 452, 453-57 (D.C. Cir. 2002). Buckhannon rejected the "catalyst theory" of awarding attorney's fees under the Fair Housing Amendments Act (FHAA) and the Americans with Disabilities Act (ADA), under which a party was deemed to have prevailed and be eligible for an award of costs if he or she could show that the litigation had caused the other party to settle in a favorable manner even though "no judicially sanctioned change in the relationship of the parties" had occurred. 532 U.S. at 600-01, 605. Section 552(a)(4)(E)(ii) overruled UNITE and OCAW's extension of Buckhannon to FOIA suits. See Or. Natural Desert Ass'n v. Locke, 572 F.3d 610, 616-18 (9th Cir. 2009). Determining that Buckhannon applied to FOIA suits pending at the enactment of the OPEN Government Act, the district court concluded that to apply FOIA's new fee-shifting provision to Zarcon's pending request for fees would be impermissibly retroactive and rejected Zarcon's request.

II.

FOIA provides that a district court "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any [FOIA] case . . . in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). The last time this court addressed the meaning of "substantially prevailed" in FOIA's attorney's-fee provision, we interpreted it under the "catalyst

theory." See Miller v. U.S. Dep't of State, 779 F.2d 1378, 1389 (8th Cir. 1985) ("[A FOIA] claimant . . . [need not] have received a favorable judgment in order to have prevailed.").

In Buckhannon, the Supreme Court held "that the 'catalyst theory' is not a permissible basis for the award of attorney's fees under the [Fair Housing Amendments Act of 1988], 42 U.S.C. § 3613(c)(2), and the [Americans with Disabilities Act of 1990], 42 U.S.C. § 12205." 532 U.S. at 610. The FHAA and ADA permit the award of attorney's fees to a "prevailing party." See 42 U.S.C. § 3613(c)(2) ("In a civil action under [the FHAA], the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee and costs."); 42 U.S.C. § 12205 ("In any action or administrative proceeding commenced pursuant to [the ADA], the court or agency, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee[.]"). The Court in Buckhannon stated that a "judicially sanctioned change in the legal relationship of the parties" is required before a claimant can be a "prevailing party" eligible for an award of attorney's fees. 532 U.S. at 605. After noting that the phrase "prevailing party" appears in numerous federal statutes, Buckhannon also stated that the Supreme Court "ha[s] interpreted these fee-shifting provisions consistently . . . ." Id. at 602-03, n.4.

The D.C. and Second Circuits extended Buckhannon's holding to FOIA's attorney's-fee provision. See UNITE, 336 F.3d at 201, 203-207; OCAW, 288 F.3d at 453-57. These two cases held that the phrase "substantially prevailed" in FOIA's fee-shifting provision was sufficiently analogous to "prevailing party" that Buckhannon's rejection of the "catalyst theory" should also apply to FOIA. See UNITE, 336 F.3d at 207-10; OCAW, 288 F.3d at 454-57. Subsequently, Congress passed the OPEN Government Act of 2007, which amended, *inter alia*, 5 U.S.C. § 552(a)(4)(E) to provide that: "For purposes of [FOIA], a complainant has substantially prevailed if the complainant has obtained relief through . . . a voluntary or unilateral change in position by the agency, if the complainant's claim is not

insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii). This subsection definitively established that the "catalyst theory" applies to the recovery of attorney's fees under FOIA.

Although we have never expressly rejected the "catalyst theory" as applied to FOIA and one could therefore argue that applying the OPEN Government Act to this case would not change the law in existence when it was enacted, we have extended Buckhannon to the fee recovery-provisions of other federal statutes. See Advantage Media, L.L.C. v. City of Hopkins, Minn., 511 F.3d 833, 836-38 (8th Cir.), cert. denied, 128 S. Ct. 2486 (2008) (applying Buckhannon to recovery of attorney's fees under 42 U.S.C. § 1988); Sierra Club v. City of Little Rock, 351 F.3d 840, 845 (8th Cir. 2003) (applying Buckhannon to Clean Water Act's attorney-fee provision, 33 U.S.C. § 1365(d)). In addition, we have stated that "prevailing party" is "a legal term of art" and that "Buckhannon applies broadly to fee-shifting statutes that employ the 'prevailing party' language . . . ." Cody v. Hillard, 304 F.3d 767, 773 n.3 (8th Cir. 2002) (quotation omitted). Although FOIA employs the term "substantially prevailed" whereas Buckhannon construed the term "prevailing party," we have rejected the "catalyst theory" as applied to the Clean Water Act's attorney's-fee provision, which permits a district court to awards costs "to any prevailing or *substantially prevailing* party." 33 U.S.C. § 1365(d) (emphasis added); see Sierra Club, 351 F.3d at 845. If it were not for the passage of the OPEN Government Act, Buckhannon and Sierra Club would compel us to reject the "catalyst theory" as applied to FOIA. Thus, in accordance with the holdings of UNITE and OCAW, we agree that Buckhannon's reasoning eliminating the "catalyst theory" as a basis for recovering attorney's fees extended to FOIA prior to the enactment of the OPEN Government Act.

Thus, the only question that remains is whether applying the OPEN Government Act to this case would result in an impermissibly retroactive application of the statute. In Landgraf v. USI Film Products, 511 U.S. 244 (1994), the Supreme Court set forth the analysis to be used in deciding whether a statute that is silent with

respect to the date of its application, such as the OPEN Government Act, should be given retroactive effect:

> [T]he court must determine whether the new statute would have retroactive effect, *i.e.*, whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed. If the statute would operate retroactively, [the] traditional presumption [against retroactive application] teaches that it does not govern absent clear congressional intent favoring such a result.

Id. at 280. The opinion in Landgraf attempted to reconcile the conflict between two canons of interpreting the "temporal reach of statutes"—the presumption against retroactivity and the rule that a "court should 'apply the law in effect at the time it renders its decision.'" See id. at 273 (quoting Bradley v. Sch. Bd. of City of Richmond, 416 U.S. 696, 711 (1974)). The latter rule found expression in Bradley, a case in which the Court held that a congressional act permitting the award of attorney's fees to successful civil rights plaintiffs should apply to cases pending at the time of its enactment. 416 U.S. at 710, 721. The Landgraf opinion attempted to harmonize the Bradley rule with the presumption against retroactivity by noting that "[a]ttorney's fee determinations . . . are collateral to the main cause of action," Landgraf, 511 U.S. at 277 (quoting White v. N. H. Dep't of Employment Sec., 455 U.S. 445, 451-52 (1982)), and that the district court in Bradley had "even before the enactment of [the new statute], . . . authority . . . to award fees based upon equitable principles." Id.

Zarcon cites to the passage in Landgraf stating that "attorney's fee determinations . . . are collateral to the main cause of action," id., as proof that attorney's fee provisions are among those type of laws, such as law relating to purely prospective relief, jurisdictional statutes, and some procedural rules, that do not have retroactive effect when applied to pending suits. See id. at 273-75. However, Zarcon

-6-

makes too much of this remark concerning the collateral nature of attorney's fee provisions. "The Court in <u>Landgraf</u> distinguished <u>Bradley</u> as follows: 'In light of the prior availability of a fee award, and the likelihood that fees would be assessed under pre-existing theories, we concluded [in <u>Bradley</u>] that the new fee statute simply "d[id] not impose an additional or unforeseeable obligation" upon the school board.'" <u>Summers v. Dep't of Justice</u>, 569 F.3d 500, 504 (D.C. Cir. 2009) (<u>quoting</u> <u>Landgraf</u>, 511 U.S. at 278). The availability of attorney's fees under pre-existing principles, more than the collateral nature of attorney's fees, demonstrates why <u>Bradley</u> does not undermine the presumption against retroactivity.

Unlike the fee-shifting provision in <u>Bradley</u>, the OPEN Government Act made recovery of attorney's fees possible in circumstances where they had been previously forbidden. At the time the NLRB settled this case, our cases clearly demonstrated that the "catalyst theory" would not be an available means of recovering costs under FOIA. Applying the OPEN Government Act to this case would, therefore, increase the NLRB's "liability for past conduct, [and] impose new duties with respect to transactions already completed." <u>Landgraf</u>, 511 U.S. at 280. Given that "the statute would operate retroactively [if applied to this case], [the] traditional presumption teaches that it does not govern absent clear congressional intent favoring such a result." <u>Id.</u>

Zarcon points to the legislative history of the OPEN Government Act to establish that Congress "expressly prescribed the statute's proper reach." <u>Id.</u> The committee report on the bill states that the OPEN Government Act was intended "to clarify that a complainant has substantially prevailed in a FOIA lawsuit, and is eligible to recover attorney fees . . . if the pursuit of a claim was the catalyst for the voluntary or unilateral change in position by the opposing party." S. Rep. No. 110-59, at 6 (2007). Similarly, Senator Patrick M. Leahy, who was a sponsor of the litigation, stated on the Senate floor that "[t]he bill clarifies that <u>Buckhannon</u> does not apply to FOIA cases." 153 Cong. Rec. S15701-04 (daily ed. Dec. 14, 2007). However, these

statements are insufficient to overcome the default rule announced in <u>Landgraf</u> that "[w]hen . . . the statute contains no . . . express command [regarding its effective date]," it is not to be applied retroactively. 511 U.S. at 280. Thus, we reject Zarcon's argument that the OPEN Government Act should apply to this case. <u>See</u> <u>Or. Natural Desert Ass'n</u>, 572 F.3d at 617 ("[T]he [OPEN Government Act] do[es] not apply retroactively . . . ."); <u>Summers</u>, 569 F.3d at 504 ("[T]he [OPEN Government] Act is silent with regard to its temporal reach; its application here would have 'retroactive effect' because it would 'increase a party's liability for past conduct' and there is no evidence of a 'clear congressional intent favoring such a result.'" (quoting <u>Landgraf</u>, 511 U.S. at 280)).[3]

## III.

Finally, Zarcon appeals the denial of its motion to propound admissions and conduct other reasonable discovery. However, as the NLRB produced the requested documents and Zarcon withdrew its complaint pursuant to settlement of the case, reserving only the right to seek costs and attorney's fees, further discovery is unneeded. "[A]n appeal must be dismissed as moot when our decision will have no effectual relief whatever to a prevailing party." <u>Doe v. Pulaski County Special Sch. Dist.</u>, 306 F.3d 616, 621 (8th Cir. 2002) (en banc) (quotation omitted). Accordingly, as reversing the district court's denial of Zarcon's request for admissions and further discovery could provide no additional relief, we dismiss this claim as moot.

## IV.

Accordingly, we affirm the district court's decision.

_____

---

[3]Thus, it is unnecessary for us to address the NLRB's additional argument that principles of sovereign immunity also preclude retroactive application of the OPEN Government Act.