

# FILED

### 1/31/2014

NOT FOR PUBLICATION

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No.   EC-13-1121-KiPaJu |
| ROBERT J. CAREY, ) | Bk. No.   09-31861 |
| Debtor. ) | Adv. No.   09-2531 |
| ————————————————————— ) | |
| ROBERT J. CAREY, ) | |
| Appellant, ) | |
| v. ) | **M E M O R A N D U M**[1] |
| CHARLIE Y., INC., ) | |
| Appellee. ) | |
| ————————————————————— ) | |

Argued and Submitted on October 18, 2013,
at Sacramento, California

Filed - January 31, 2014

Appeal from the United States Bankruptcy Court
for the Eastern District of California

Honorable Christopher M. Klein, Chief Bankruptcy Judge, Presiding

---

Appearances:    Kenrick Young, Esq. argued for appellant, Robert J. Carey; Elizabeth Shoemaker, Esq. of Teraoka & Partners LLP argued for appellee, Charlie Y., Inc.

---

Before: KIRSCHER, PAPPAS and JURY, Bankruptcy Judges.

---

[1]  This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

Appellant, chapter 7[2] debtor Robert J. Carey ("Carey"), appeals a May 13, 2010 judgment determining that the debt of appellee, Charlie Y., Inc. ("Charlie Y"), was excepted from discharge under § 523(a)(2)(B).  We DISMISS for lack of jurisdiction.  What prompted this appeal was a separate order entered by the bankruptcy court on March 6, 2013, granting Charlie Y's motion for attorney's fees in connection with the May 13, 2010 judgment.  To the extent Carey is appealing the fee order, we AFFIRM due to his failure to raise or brief the issue.

Charlie Y has moved for sanctions under Rule 8020, contending that Carey's appeal is frivolous.  Charlie Y seeks attorney's fees incurred defending the appeal and double costs.  For the reasons stated below, we DENY the motion.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This is the second appeal before the Panel stemming from a nondischargeability action filed by Charlie Y against Carey in 2009.  See Charlie Y., Inc. v. Carey (In re Carey), 446 B.R. 384 (9th Cir. BAP 2011), entered on March 11, 2011 ("BAP Opinion"), for a more thorough background of the dispute between the parties and the basis for the nondischargeability claim.

On August 17, 2009, Charlie Y filed an adversary complaint ("Complaint") against Carey, contending that its debt was excepted from discharge under § 523(a)(2)(B) based on a personal guaranty executed by Carey and certain alleged false representations Carey made in the guaranty respecting his financial condition.

---

[2] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

A trial was held on May 13, 2010. Following the presentation of evidence, the bankruptcy court announced its oral ruling in favor of Charlie Y. The court entered a nondischargeability judgment for Charlie Y, awarding damages of $35,000 against Carey, on May 13, 2010 (the "Judgment"). The Judgment made no mention of attorney's fees, although Charlie Y had requested them in the Complaint and in opening argument at trial. Neither party appealed the Judgment.

On June 10, 2010, twenty-eight days after entry of the Judgment, Charlie Y filed a motion for attorney's fees in the amount of $43,155.25, consistent with the terms of the personal guaranty signed by Carey and a related promissory note (the "First Fee Motion"). Carey opposed the motion.

Following a hearing, the bankruptcy court dismissed the First Fee Motion on the basis that the Complaint did not state a separate claim for attorney's fees as required by Rule 7008(b). However, the court invited the parties to appeal and warned Carey to consider settlement because the awardable fees could be substantially greater if Charlie Y prevailed on appeal. The bankruptcy court entered a minute order dismissing the First Fee Motion on August 13, 2010 ("First Fee Order").

Charlie Y timely appealed the First Fee Order to the Panel on August 17, 2010.

On March 11, 2011, the Panel vacated and remanded the First Fee Order, with instruction that the bankruptcy court determine an appropriate fee award to Charlie Y as the prevailing party in the nondischargeability action. The Panel held that, although the Complaint had not set forth a separate claim for attorney's fees,

-3-

it had provided Carey with adequate notice that Charlie Y was asserting a claim for attorney's fees based on the provisions of the personal guaranty and related promissory note, and the bankruptcy court had erred in concluding that Rule 7008(b) required something more.

Upon remand, Charlie Y filed a second motion for attorney's fees in the amount of $96,327.50 on March 22, 2011.[3] Carey opposed the motion.

Carey appealed the BAP Opinion to the Ninth Circuit Court of Appeals on March 24, 2011.

On April 26, 2011, the bankruptcy court dismissed, without prejudice, the second fee motion for lack of jurisdiction, because the issue regarding attorney's fees had been appealed to the Ninth Circuit.

On November 21, 2012, the Ninth Circuit determined that it lacked jurisdiction over the appeal of the BAP Opinion and dismissed Carey's appeal as interlocutory.[4] The court expressed no view on the merits of the Panel's decision or when the Judgment became final.

---

[3] Carey did not include a number of documents relevant to this appeal. We therefore exercised our discretion to review independently these imaged documents from the bankruptcy court's electronic docket. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1989); Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[4] The Ninth Circuit determined the appeal was interlocutory because the BAP Opinion was not sufficiently final. On remand, in addition to Charlie Y's "general claim" for attorney's fees, the Ninth Circuit noted that the bankruptcy court also had to consider whether fees generated on appeal and from related state court litigation were properly pled, since this was not considered by the bankruptcy court.

-4-

On January 31, 2013, Charlie Y filed the instant motion for attorney's fees (the "Third Fee Motion") in the amount of $151,606.28, which included fees incurred defending the multiple appeals. Carey, who had since retained new counsel, Kenrick Young, Esq. ("Young"), opposed the motion, contending that the Judgment had become final on May 27, 2010, and therefore the Third Fee Motion should be denied as untimely. Young noted that he was representing Carey in this matter on a pro bono basis. In reply, Charlie Y asserted that before it had filed its First Fee Motion, it had offered a deal to Carey that it would not seek attorney's fees if Carey promptly paid the $35,000 Judgment. Carey did not accept the offer.

On March 6, 2013, the bankruptcy court entered an order granting the Third Fee Motion in full and awarding Charlie Y attorney's fees of $151,606.28 ("Third Fee Order"). While the court implied that the May 13, 2010 Judgment had resolved all counts in the Complaint and was therefore final on May 27, 2010, it felt bound by the Panel's ruling that the Judgment was not final until August 13, 2010, as law of the case.

On March 15, 2013, Carey filed a notice of appeal, seeking to appeal the May 13, 2010 Judgment, the March 4, 2011 BAP Opinion, and the March 6, 2013 Third Fee Order. Notably, the notice references the Ninth Circuit Court of Appeals, not the BAP. The notice also did not include copies of whatever orders and judgments Carey was appealing. We obviously cannot hear an appeal of a decision rendered by the Panel. In any event, Carey then renewed his appeal of the March 4, 2011 BAP Opinion to the Ninth Circuit on March 20, 2013. According to an order attached to

-5-

Carey's reply brief, the Ninth Circuit dismissed his appeal of the BAP Opinion as premature, noting that he first had to appeal the March 6, 2013 Third Fee Order before the Panel. The court transferred Carey's appeal of the BAP Opinion to us to be considered as an appeal of the Third Fee Order. Accordingly, we consider only the Judgment and the Third Fee Order.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I). We address our jurisdiction below.

## III. ISSUES

1. Is the appeal of the Judgment timely?

2. Did the bankruptcy court abuse its discretion when it granted the Third Fee Motion?

3. Is this appeal frivolous and subject to sanctions?

## IV. STANDARDS OF REVIEW

The timeliness of a notice of appeal is a question of law we review de novo. Delaney v. Alexander (In re Delaney), 29 F.3d 516, 517 (9th Cir. 1994).

We review the bankruptcy court's award of attorney's fees for an abuse of discretion. Feder v. Lazar (In re Lazar), 83 F.3d 306, 308 (9th Cir. 1996). A bankruptcy court abuses its discretion if it applies the wrong legal standard or its factual findings are illogical, implausible or without support in the record. TrafficSchool.com v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

## V. DISCUSSION

Carey contends that we have jurisdiction to review the merits of the Judgment entered on May 13, 2010, because it did not become

-6-

final until the bankruptcy court entered the Third Fee Order on March 6, 2013, granting Charlie Y its attorney's fees. Charlie Y argues that the appeal of the Judgment is untimely, and that Carey should be sanctioned for filing a frivolous appeal.

**A.   The appeal of the Judgment is untimely.**

A "notice of appeal shall be filed with the clerk within 14 days of the date of entry of the judgment, order, or decree appealed from." Rule 8002(a). "The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order." Anderson v. Kalashian (In re Mouradick), 13 F.3d 326, 327 (9th Cir. 1994); Slimick v. Silva (In re Slimick), 928 F.2d 304, 306 (9th Cir. 1990).

It is undisputed that neither party filed a notice of appeal within fourteen days after the Judgment was entered on May 13, 2010. It is also undisputed that the Judgment did not address the issue of attorney's fees. Nonetheless, the Judgment's silence on fees did not prevent it from becoming final as to the merits of the nondischargeability action on May 27, 2010. Budinich v. Becton Dickinson & Co., 486 U.S. 196 (1988)(a decision on the merits is a final judgment whether or not there remains for adjudication a request for attorney's fees attributable to the case if the fee dispute will not alter, moot or revise the underlying judgment). Accord Or. Natural Desert Ass'n v. Locke, 572 F.3d 610, 614 (9th Cir. 2009)("An award of attorney fees raises legal issues collateral to and separately appealable from the decision on the merits.")(citing Budinich, 486 U.S. at 200); White v. N.H. Dep't of Employment Sec., 455 U.S. 445, 451-52

-7-

(1982)); Int'l Ass'n of Bridge, Structural, Ornamental, & Reinforcing Ironworkers' Local Union 75 v. Madison Indus., Inc., 733 F.2d 656, 659 (9th Cir. 1984)(a pre-Budinich case adopting the rule that all attorney fee requests are collateral to the main action, and so a judgment on the merits is final and appealable even though a request for attorney's fees is unresolved).

Therefore, the May 13, 2010 Judgment became final as to the merits of Charlie Y's § 523(a)(2)(B) claim on March 27, 2010, even though the issue or amount of attorney's fees had not yet been determined. Budinich, 486 U.S. at 202; Int'l Ass'n of Bridge, Structural, Ornamental, & Reinforcing Ironworkers' Local Union 75, 733 F.2d at 659; Or. Natural Desert Ass'n, 572 F.3d at 614. This is true even though the fees were authorized by contract as opposed to statute. United States ex rel. Familian Nw., Inc. v. RG & B Contractors, Inc., 21 F.3d 952, 955 (9th Cir. 1994) (rejecting argument that Budinich did not apply in cases where fees were authorized by contract and holding that "attorney's fees are collateral whether they are authorized by law or by some other source.").

Under Rule 8002(a), Carey was required to file his notice of appeal of the Judgment on or before May 27, 2010, if he wished to dispute the bankruptcy court's ruling on the merits. He did not do so. Thus, Carey's appeal of the Judgment on March 15, 2013, is untimely, and we lack jurisdiction to review it. See Walhovd v. Bellflower Unified Sch. Dist., 526 F. App'x 803, 804-05, 2013 WL 2382605, at *1-*2 (9th Cir. 2013)(unpublished op.)(appellant's appeal of a June 2010 merits decision in September 2011 after attorney's fee order had been entered in August 2011 deemed

-8-

untimely per Budinich; merits decision was final and appealable in 2010; appeal of fee order, however, was timely); Hatch Jacobs, LLC v. Kingsley Capital, Inc. (In re Kingsley Capital, Inc.), 423 B.R. 344, 348-351 (10th Cir. BAP 2010)(notice of appeal filed on June 22, 2009, appealing merits of underlying judgment entered on April 23, 2009 and related fee order entered on June 10, 2009; relying on Budinich, panel held that merits judgment was a final, appealable order that should have been appealed on or before May 4, 2009, and rejected appellant's argument that merits judgment was not final until fee order was entered; appeal of merits judgment dismissed for lack of jurisdiction due to untimeliness).[5]

In the Third Fee Order, the bankruptcy court interpreted the BAP Opinion to hold that the May 13, 2010 Judgment did not become a final judgment until he entered the First Fee Order on August 13, 2010, disposing of the attorney's fees issue, and that he was bound by that decision as "law of the case." The bankruptcy court's decision to apply the doctrine of law of the case is discretionary. United States v. Lummi Indian Tribe, 235 F.3d 443, 452 (9th Cir. 2000). Nonetheless, we, as an appellate court, are not bound by this determination. Id.

In reviewing the BAP Opinion, we believe the Panel determined

---

[5] We also note that Charlie Y's First Fee Motion, filed on June 10, 2010, did not "toll" the appeal time of the Judgment for Carey. Dimeff v. Good (In re Good), 281 B.R. 689, 694-95 (10th Cir. BAP 2002)("[I]t is well-established that a motion requesting fees, such as the Debtor's Fee Motion, filed after the entry of a final, appealable judgment, such as the Underlying Judgment, does not extend the time to appeal the final judgment.")(citing Fed. R. Civ. P. 58; Rule 9021; Budinich, 486 U.S. at 202). See also Rule 8002(b).

-9-

only that the Judgment had not adjudicated the issue of attorney's fees, and the ruling on that issue had not become final until the bankruptcy court entered the First Fee Order on August 13, 2010. Therefore, Charlie Y's appeal of the First Fee Order filed on August 17, 2010, was timely, and the Panel had jurisdiction over the appeal. We disagree that the Panel determined that the Judgment was not final as to the merits until August 13, 2010. However, if it did, that determination was erroneous. Nonetheless, such error was harmless. Whether the Judgment was final as to the merits on May 13 or August 13, 2010, the Panel still had jurisdiction over the timely appeal of the First Fee Order, and issuing the BAP Opinion on the fee matter, which was the only matter before it, was proper. See Hunt v. City of L.A., 638 F.3d 703, 719 (9th Cir. 2011)("[A]n order on attorneys' fees is collateral to, and separately appealable from, the judgment."); Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1250 (9th Cir. 2006)(district court's grant of attorney's fees and costs is a final order subject to review).

Even if the Judgment was not final as to all matters until August 13, 2010, Carey's failure to file a timely cross-appeal precludes him from now disputing the merits of the nondischargeability ruling. Under Rule 8002(a), a party wishing to cross-appeal must file its notice of appeal within 14 days of the filing date of the first notice of appeal. Charlie Y filed its notice of appeal of the First Fee Order on August 17, 2010. Therefore, if Carey wished to dispute the merits of the Judgment, he was required to file his notice of appeal by August 31, 2010. He did not do so. Consequently, any arguments as to the merits

were waived at that time. He cannot now raise such arguments some two-and-a-half years later.[6]

Accordingly, because the appeal of the Judgment is untimely, we DISMISS for lack of jurisdiction.

**B. Carey failed to raise or brief the issue regarding the award of attorney's fees in the Third Fee Order.**

Although Carey stated in his notice of appeal that he was appealing the Third Fee Order, he did not identify this issue in his filed Statement of Issues on Appeal or brief it in his opening brief. Carey's brief is silent as to the propriety of the bankruptcy court's decision to award $151,606.28 in attorney's fees to Charlie Y. We therefore consider this issue abandoned. See City of Emeryville v. Robinson, 621 F.3d 1251, 1261 (9th Cir. 2010)(appellate court in this circuit "will not review issues which are not argued specifically and distinctly in a party's opening brief."); Branam v. Crowder (In re Branam), 226 B.R. 45, 55 (9th Cir. BAP 1998), aff'd, 205 F.3d 1350 (9th Cir. 1999)(an issue not adequately addressed by appellant in his opening brief is deemed abandoned).

Accordingly, we AFFIRM the Third Fee Order.

**C. Charlie Y's motion for sanctions under Rule 8020.**

Finally, we consider Charlie Y's motion for sanctions against Carey and Young for attorney's fees and double costs. Charlie Y contends that Carey's appeal is frivolous, is wholly without

---

[6] We note that the exception under Rule 8002(c) was also not met here. Under Rule 8002(c), during the 21 days following the 14-day appeals period, a party may request an extension of time for filing a notice of appeal upon a showing of excusable neglect. See also In re Mouradick, 13 F.3d at 327-28; In re Slimick, 928 F.2d at 306. Carey never requested any such extension.

-11-

merit, and was brought in bad faith. According to Charlie Y, Carey has not paid any of the $35,000 judgment against him or any of the attorney's fees. Charlie Y contends that this appeal is just another delay tactic to avoid payment of the debt.

Rule 8020 requires that all filed papers, including appeal briefs, be signed, "thereby certifying that the signer has done appropriate legal and factual research and believes that the submission of the paper has merit." 10 COLLIER ON BANKRUPTCY ¶ 8020.02 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2012). An appeal is frivolous where the result is obvious or the appellant's arguments are wholly without merit. First Fed. Bank of Cal. v. Weinstein (In re Weinstein), 227 B.R. 284, 297 (9th Cir. BAP 1998). See also Maloni v. Fairway Wholesale Corp. (In re Maloni), 282 B.R. 727, 734 (1st Cir. BAP 2002)(a finding of bad faith is generally not required to impose sanctions under Rule 8020; generally sanctions will be imposed regardless of the appellant's motive because the rule seeks to compensate an appellee who has had to waste time defending a meritless appeal); United States v. Nelson (In re Becraft), 885 F.2d 547, 549 (9th Cir. 1989)(bad faith is not a prerequisite to sanctions under FED. R. APP. P. 38, which is identical to Rule 8020).

The Panel may impose sanctions to penalize an appellant and/or counsel who pursue a frivolous appeal and to compensate the appellee for the delay and expense of defending the appeal. 10 COLLIER ON BANKRUPTCY at ¶ 8020.03. Cf. Burlington N.R.R. Co. v. Woods, 480 U.S. 1, 7 (1987).

In opposition to Charlie Y's sanctions motion, Young continues to assert that Carey's appeal of the May 13, 2010

-12-

Judgment is timely because Charlie Y "re-opened" the appeal period by appealing the First Fee Order on August 17, 2010, and by further filing its Third Fee Motion on January 31, 2013. For the reasons stated above, we have concluded that Carey's appeal of the underlying Judgment is untimely. However, considering the record in this case, we conclude that Charlie Y is not entitled to sanctions under Rule 8020 as Carey's appeal is not frivolous.

Although the bankruptcy court, and perhaps the prior Panel, may have given Carey the impression that the Judgment was not final until August 13, 2010, we decline to exercise our discretion in finding this appeal frivolous and to award sanctions, even though Carey ultimately failed to cross-appeal prior to August 31, 2010, and appealed the Judgment in 2013.

## VI. CONCLUSION

Carey's appeal of the May 13, 2010 Judgment is untimely, and we DISMISS it for lack of jurisdiction. As for the Third Fee Order, which was timely appealed, we AFFIRM for Carey's failure to brief the issue. We DENY Charlie Y's motion for sanctions.