**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

OCT 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IGOR GOROVENKO,<br><br>      Plaintiff - Appellee,<br><br>  v.<br><br>ACTIVATE CLEAN ENERGY LLC;<br>RASA ENERGY, INC.; DAVID MARTIN;<br>WILLIAM WISMANN; DAVE LOPEZ;<br>THOMAS WILLIAMS; BRUCE R.<br>WRIGHT; MIKE WISMANN; ALEX<br>EAST,<br><br>      Defendants - Appellants,<br><br>and<br><br>DOE, 1-20,<br><br>      Defendant. | No. 24-5840<br><br>D.C. No.<br>8:24-cv-00058-JLS-ADS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted October 8, 2025**

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Pasadena, California

Before: WARDLAW, GOULD, and KOH, Circuit Judges.

Activate Clean Energy, LLC ("ACE"), Rasa Energy, Inc., David Martin, William Wismann, Dave Lopez, Thomas Williams, Bruce R. Wright, Mike Wismann, and Alex East[1] appeal the district court's denial of their motion for attorney's fees under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836(b)(3)(D).

"We review a district court's award [or denial] of attorney's fees for an abuse of discretion." *Roberts v. City of Honolulu*, 938 F.3d 1020, 1023 (9th Cir. 2019). "[W]hether the district court applied the correct legal standard is reviewed de novo." *Id.* (quoting *Oregon Nat. Desert Ass'n v. Locke*, 572 F.3d 610, 613-14 (9th Cir. 2009)) (alterations in original). "[F]actual findings are reviewed for clear error." *Avery v. First Resolution Mgmt. Corp.*, 568 F.3d 1018, 1021 (9th Cir. 2009). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Igor Gorovenko brought suit *pro se* against ACE for misappropriation of trade secrets in violation of the DTSA, violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and various state law claims. The district dismissed Gorovenko's initial complaint *sua sponte* for lack of subject-matter

---

[1] We refer to Defendant-Appellants collectively as ACE, the lead appellant in this case.

jurisdiction. Gorovenko timely amended the complaint. Gorovenko's claims arise out of a contract with ACE (the "Equipment Manufacturing Agreement" or "Agreement") in which Gorovenko agreed to assemble a prototype for ACE. After Gorovenko completed assembly of the prototype, he demanded additional payment and refused to turn over the prototype unless he was paid. Gorovenko eventually turned over the prototype, but sued ACE for misappropriation of trade secrets.

Both parties engaged in contentious litigation tactics before the district court, and the relationship between the parties "soured quickly." Gorovenko refused to agree to a confidentiality stipulation proposed by ACE, requiring the district court to order the parties to file documents under seal. Throughout the litigation, Gorovenko sent a series of inappropriate and aggressive messages to ACE and, in some cases, their family members. ACE sought sanctions against Gorovenko, but the district court denied the motion. *See* Dkt. 118 (Order Denying Sanctions), *Gorovenko v. Activate Clean Energy*, No. 8:24-cv-00058-JLS-ADS (June 25, 2024) at 1.

The district court ultimately dismissed Gorovenko's First Amended Complaint, holding that "Gorovenko's theory of how Defendants misappropriated his trade secrets is clearly contradicted by the terms of the [Agreement] he signed." The court noted that the Agreement was "complete on its face and it contains an integration clause," and that contrary to Gorovenko's claims, "[n]owhere in the

Agreement is Gorovenko promised equity." The court dismissed Gorovenko's DTSA misappropriation claim with prejudice and his RICO claim without prejudice. The district court held that it lacked subject-matter jurisdiction over Gorovenko's remaining state claims, because no federal claim remained to support supplemental jurisdiction over these claims.

ACE timely moved for attorney's fees under 18 U.S.C. § 1836(b)(3)(D), which provides:

> [I]f a claim of the misappropriation is made in bad faith, which may be established by circumstantial evidence, a motion to terminate an injunction is made or opposed in bad faith, or the trade secret was willfully and maliciously misappropriated, [a court may] award reasonable attorney's fees to the prevailing party.

The district court denied ACE's motion.

The DTSA does not define "bad faith," and we have not yet articulated a standard for assessing bad faith under this statute. The district court applied the standard set forth in *Direct Technologies, LLC v. Electronic Arts, Inc.*, 836 F.3d 1059, 1071 (9th Cir. 2016), for assessing bad faith under the California Uniform Trade Secrets Act ("CUTSA"), which contains a substantially similar attorney's fees provision to Section 1836(b)(3)(D). *See* Cal. Civ. Code § 3426.4. Under the CUTSA, "bad faith 'requires objective speciousness of the plaintiff's claim, as opposed to frivolousness, and… subjective bad faith [by the plaintiff] in bringing or maintaining the claim.'" *Direct Technologies, LLC*, 836 F.3d at 1071 (quoting

*Gemini Aluminum Corp. v. Cal. Custom Shapes, Inc.*, 95 Cal. App. 4th 1249, 1262 (2002)).  Neither party argues that the district court erred in applying the standard set forth in *Direct Technologies*, and we assume without deciding that "bad faith" under the DTSA has the same meaning as under the CUTSA.

ACE presses three arguments in support of a finding of subjective bad faith[2]: (i) that Gorovenko used the threat of litigation to "intimidate and strongarm" ACE into providing him additional funds to which he was not entitled; (ii) that Gorovenko sent aggressive emails and text messages to ACE's directors and co-founder's wife; and (iii) that Gorovenko refused to enter into a confidentiality stipulation and "repeatedly publicly filed information" containing ACE's trade secrets.  The district court rejected each of these arguments.  We agree.

First, ACE cites no binding precedent supporting the proposition that a pre-suit settlement demand is indicative of bad faith.  To the contrary, we have recognized that "preceding the formal filing of litigation with an invitation to engage in negotiations to settle legal claims is a common, if not universal, feature of modern litigation."  *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 936 (9th Cir. 2006).  Regardless, there is insufficient evidence in the record to support the conclusion that Gorovenko "fully knew that [ACE] had not misappropriated anything."

---

[2] The district court did not reach the issue of whether Gorovenko's claims were "objectively specious."  Because we hold that Gorovenko did not bring his DTSA claim in subjective bad faith, we also do not reach the speciousness of that claim.

Second, while we acknowledge that Gorovenko's aggressive text messages to ACE directors and their family members were inappropriate, ACE makes only conclusory arguments as to the relationship between the communications and Gorovenko's underlying claims. This litigation was clearly contentious from the beginning and "neither side" is above reproach.

Third, ACE cites no authority requiring Gorovenko to have entered into a confidentiality stipulation governing the sealing of documents, and we decline to find that Gorovenko acted in bad faith by refusing to agree to ACE's proposed stipulation. Notably, once the district court entered an order governing sealing procedures, "Gorovenko did not willfully defy any of the Court's orders" and, in fact, filed documents "*in compliance* with the Court's sealing procedures."

Lastly, we reject ACE's argument that the district court erred by considering Gorovenko's *pro se* status. The district court did not find that Gorovenko was "exempt" from the DTSA's attorney's fees provision as ACE suggests; rather, the court properly concluded that Gorovenko's actions did not rise to the level of bad faith required for an award of attorney's fees under 18 U.S.C. § 1836(b)(3)(D). Gorovenko's conduct during this litigation may have been unprofessional by the standards to which we hold attorneys, but as a *pro se* plaintiff, he likely is "far more prone to making errors in pleading than the person who benefits from the representation of counsel." *Huffman v. Lindgren*, 81 F.4th 1016, 1021 (9th Cir.

2023) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc)). And, "[t]here is a good reason that we afford leeway to pro se parties, who appear without counsel and without the benefit of sophisticated representation." *Id.*

The district court did not abuse its discretion by denying ACE's motion for attorney's fees.

**AFFIRMED.**

24-5840